## DANFORTH *vs.* LANEY.

[BILL IN EQUITY FOR SPECIFIC PERFORMANCE OF PAROL CONTRACT.]

1. *What part performance avoids statute of frauds.*—Possession by the vendee, with the consent of the vendor, under a parol contract for the sale of land, takes the case out of the statute of frauds; but mere possession, when it is not shown to be under the contract, is not sufficient.
2. *Burthen of proof as to character of possession.*—Where the bill alleges possession under the parol contract of sale, and the answer admits the possession, but alleges that it was acquired and held under a contract of rent, and denies the alleged contract of sale, the burthen of proof is on the complainant to prove the character of the possession.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. WADE KEYES.

This bill was filed by David Danforth, the appellant, against Charles D. Laney, to enforce the specific performance of an alleged parol contract for the purchase of a tract of land. It

alleged that the contract was made on the 14th March, 1850; that complainant executed his note for the purchase money, and defendant promised to make him a good and sufficient title when the purchase money was paid; that complainant entered into the possession of the land under said contract, with the consent of the defendant, repaired the fences, and cultivated and improved the land for the year 1850; that he afterwards sold a portion of the land to one Copeland, executed to him a bond for title, and placed him in possession; that, when his note for the purchase money became due, he tendered the amount to said Laney, and demanded a conveyance of the land; and that Laney refused to accept the money and to execute the conveyance. It further alleged that, by reason of Laney's failure to comply with his contract, complainant became unable to make titles to Copeland, according to the condition of his said bond for title; and that said Copeland afterwards brought suit on said bond, and recovered a judgment against complainant for a large amount. A tender of the purchase money is made in the bill, and the prayer is for a specific performance of the parol contract, or, if defendant cannot make titles to the land, for compensation in damages.

The defendant answered the bill, denying that he had ever made the alleged contract of sale, or that complainant had entered into the possession of the land under such contract; and alleging, on the other hand, that he agreed to sell said land to complainant, if he should find, upon examination and consultation with the other parties who were equally interested in the land, that he could make good titles; that he afterwards found out that he could not make perfect titles to the land, because he could not procure the legal assent of some minor heirs who were interested in it, and informed complainant of that fact; that complainant, at the time this agreement was made, was in possession of the land as a tenant, under a contract of renting which bound him to repair the fences; and that all the repairs and improvements ever made by him were made under said contract. The answer admits that complainant, at the time of the said agreement for the sale of said land, executed the promissory note appended as an exhibit to the bill, and left it on respond-

ent's desk; but respondent denies that it was executed under said agreement, or was required by him, or was regarded by him as a demand against complainant. The answer also sets up the statute of fraud as a defence to the bill.

The testimony, in substance, is as follows: Edward B. Young testifies, " that he heard Laney say that he had sold the land to Danforth, and that Danforth was making a speculation on it." Copeland testifies, " that he had a conversation with Laney, in the fall of 1850, having understood that there was some difficulty in Laney's making titles to the land; that when he asked Laney about it, Laney replied, that when he sold the land to Danforth he thought he could make a good title to it, and that he felt morally bound to make Danforth titles to the land." L. C. Gaston testifies, " that he heard Laney say that he had sold the land to Danforth, but that he afterwards discovered he could not make titles in consequence of their being minor heirs; that when Danforth tendered Laney the money on the note, Laney refused to take it, and offered the note back." J. Cameron "heard Laney, in 1849 or 1850, speak about the sale of said land, but did not hear him say that he had sold it to Danforth." E. Parton testifies, that he was present when Danforth tendered Laney the money due on the note and demanded a deed; that Laney offered to make such titles as he could, but refused to make a deed with warranty.

On final hearing, on bill, answer, and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

JAMES L. PUGH, for the appellant:

1. If a parol contract of sale has been partly performed, and a refusal to execute it would work a fraud on the vendee, specific performance will be decreed.—Brewer & Brewer v. Logan, 19 Ala. 488; Morphett v. Jones, 1 Swanst. 172; Buckmaster v. Harrop, 13 Vesey, 473; 1 Vernon, 159, note 2; 2 Story's Equity, § 761. Possession alone is such part performance as will take a case out of the statute.—19 Ala. 488; Lacon v. Martin, 3 Atk. 1; Butcher v. Butcher, 1 Vernon, 364; 2 Ball & Beatty, 174; 1 ib. 127; 2 Story's Equity, § 761.

2. The law will refer the appellant's possession of the land

to the parol contract of purchase.—18 Vesey, 332; 13 *ib*. 474; 1 Ball & Beatty, 127; 2 Story's Equity, § 763. The averment of the answer, that appellant holds as tenant, is matter in avoidance, and must be proved; but the answer is wholly unsupported by any evidence of that fact. The fact of possession is not denied, but the issue is as to the character of that possession. The purchase is proved; and the possession will be referred to that purchase, unless affirmatively shown to belong to the alleged contract of rent.

3. The taking of the note, and the parol sale, material facts within the defendant's knowledge, are denied by the answer, but are proved; and the answer therefore loses its weight as evidence.—20 Ala. 662; 21 *ib*. 633.

4. When a specifiic performance cannot be decreed, and the party is without remedy at law, compensation in damages will be given.—2 Story's Equity, § 798, note 1; Woodcock v. Bennett, 1 Cowen, 755; Pratt v. Law, 9 Cranch, 492; 4 Ves. 497; 1 P. Wms. 570; Anthony v. Leftwich, 3 Rand. 238.

E. C. BULLOCK, *contra*, contended,—

1. That a party who seeks to take a parol contract out of the statute of frauds, on the ground of part performance, must make out the existence of the alleged contract by clear and satisfactory proof, and the act of part performance must be of the identical contract set up by him. It is not sufficient that the act is evidence of some agreement, but it must be unequivocal and satisfactory evidence of the identical contract alleged in the bill.—1 Maryland Chancery Decisions, 345; Phillips v. Thompson, 1 Johns. Ch. 131; Parkhurst v. Van Cortland, *ib*. 273; 2 Story's Equity, § 764; 3 Kent's Com. 451; Hood v. Bowman, Freeman's Ch. 290; Wood v. Farmer, 10 Watts, 195; 1 Watts & Serg. 383; 2 Dess. 290.

2. The allegation of the bill is not of possession merely; for that alone, unless it was under the contract of sale, would avail nothing. Possession under the contract is alleged, and is expressly denied by the answer. The answer is strictly responsive, and must be disproved. When delivery of possession is relied on to take a case out of the statute, it must be referable only to the contract alleged in the bill, and not to a distinct and different title.—Owings v. Baldwin, 1

Maryland Chancery Decisions, 120; Small v. Owen, *ib.* 363; 11 Gill & J. 314; 2 Sch. & Lef. 3-7; 3 Watts & Serg. 63; 7 Barr, 91; Freeman's Ch. 290; 10 Watts, 195; 19 Conn. 64; 9 Miss. 566; 4 Cranch, 238; 4 Ired. 125; 1 Dev. Eq. 341; 13 Sm. & Mar. 93.

GOLDTHWAITE, C. J.—Regarding the contract for the sale of the land as fully proved, the only question is, whether such a part performance has been shown as will take it out of the statute of frauds. The rule is, that the act must be such as could be done with no other view than that of the agreement being performed, (Sugden on Vendors, 72); and hence, if possession by the vendee, under the contract, with the consent of the vendor, is shown, it is sufficient. The bill charges that such was the case. The defendant in his answer denies this charge, and then proceeds to state that the complainant was in possession under a contract of rent. No evidence whatever is offered by the complainant, as to his possession; but it is insisted, that the possession being e mitted by the answer, the absence of evidence showing the contrary refers such possession to the contract. We agree that, where one who is out of possession makes a parol purchase, and immediately afterwards enters, under such circumstances as to create a reasonable presumption that the entry was made with the consent of, or acquiesced in by, the vendor, it then falls directly within the principle to which we have adverted. . But we have found no case which goes so far as to hold that the mere possession of the land, without any further proof, will refer itself to the contract; on the contrary, the cases hold a different doctrine, and assert that it must appear that he took possession with the assent of the vendor.—Lord v. Underdunck, 1 Sand. Ch. 46; Lewis v. Smith, 1 Hoff. Ch. 470. It must appear that it could only have been done with reference to the contract.—Ellis v. Ellis, 1 Dev. Ch. 180; Anderson v. Chick, 1 Bail. 118; Hood v. Bowman, Freeman's Ch. 290; Aitken v. Young, 12 Penn. State R. 15; Owings v. Baldwin, 1 Md. Ch. Dec. 120.

Under the influence of these authorities, if it were conceded that the answer virtually admitted the possession of the complainant, but denied that such possession was referable to the

contract charged, further proof would be required. This is not the case of a confession and avoidance. The charge is, that possession was taken under the contract, with the consent of the vendor. The answer expressly denies this, and refers the possession to another contract; and until some evidence is offered, which connects the possession with the contract which the bill charges, the vendor is not called upon to show that it was under a different agreement.—Bright v. Haggin, Hard. 536.

The decree below is affirmed.