# Williams v. Barksdale.

### Action on Account.

1. *Charge to jury; when properly refused.*—A refusal to give a charge, no matter what it asserts, is no. ground for reversal, unless the record shows affirmatively that there was evidence tending to prove every fact it supposes; failing in this, the charge is considered abstract, and rightly refused on that account.

APPEAL from Circuit Court of Mobile.

Tried before Hon. H. T. TOULMIN.

This was an action brought by the appellee, Barksdale, against the appellant, Williams, to recover a balance due upon account. It appears that in the year 1876, Williams, being engaged in the turpentine business, made a contract with one Tilman to operate a certain turpentine orchard, known as the "Tilman orchard," under which Tilman agreed to pay to Williams one hundred and fifty-four dollars, to attend to the work and overseer the hands, and Williams was to pay the hire and furnish provisions for the hands engaged, and to receive and sell the turpentine, and out of the proceeds to reimburse himself for the expenses, the balance remaining to be credited to the one hundred and fifty-four dollars which Tilman had agreed to pay, and when that sum was paid, all the orchard was to belong to Tilman. In the month of May, 1876, Barksdale was, by consent of all parties, substituted for Tilman, and assumed his liabilities under the contract. Williams also had a contract with one Browning, to work another orchard, near the Tilman orchard, which the bill of exceptions recites was "similar to the contract with Tilman, and under which Browning was to pay Williams $1,073, except that this indebtedness was to be paid by applying one-half of the crude turpentine from such

orchard to the same, after paying all expenses out of such half." Barksdale was, in May, 1876, by agreement, substituted for Browning under this contract. The evidence as to whether the contracts had been complied with, was conflicting, the testimony of Barksdale tending to show that the Browning contract had been rescinded, and that he had over-paid the amount due under the Tilman contract, and had rendered services, and delivered turpentine over and above all expenses, to the amount claimed. Williams' testimony tended to show that the amounts due, uuder the contracts, had not been paid, and that there was due him for advances a large sum. The defendant then requested the following charge: "That if there appears either a joint enterprise, which has not been adjusted or settled or an agreement by which plaintiff was to receive one half of the proceeds of the rosin, and that had not been adjusted or settled, plaintiff cannot recover." This charge was refused, and its refusal excepted to, and is now assigned as error.

ALEX. McKINSTRY, for appellant.

D. P. BESTOR, *contra.*

STONE, J.—The testimony in this record fails to explain very accurately the two several contracts, about which the witnesses speak. Its tendency is to show that Williams contracted to sell or lease the two turpentine orchards to Tilman and Browning, and to advance to them money with which to pay the wages and subsistence of the laborers. Williams was to receive and sell the turpentine, and out of the proceeds, reimburse himself for the advances, and then pay himself $154 due from Tilman, and $1,073 due from Browning. After this, "all the orchard was to belong to Tilman." The Browning contract differed from the Tilman contract, in that the payments to Williams were to be made by applying one-half of the crude turpentine from such orchard to the same, after paying all expenses of such half." What was to become of the other half of the turpentine, under Browning's contract, is not satisfactorily shown. In fact, it is left to conjecture. By agreement between all the parties, Barksdale was substituted for Tilman and Browning in the two contracts. There is no evidence that there was a "joint enterprise," or that "plaintiff was to receive one half the proceeds of the rosin." So, there is nothing to support the hypothetic case supposed in the charge asked. A refusal to give a charge, no matter what it asserts, is no ground of reversal, unless the record shows affirmatively that

(19)

there was evidence tending to prove every fact it supposes.—
1 Brick. Dig. 338, § 40. Failing in this, the charge is considered abstract, and rightly refused on that account.

Affirmed.