# Houston *et al. v.* Hilton *et al.*

*Action to Recover Value of Lease-hold Interest in Land; Plea, Statute of Frauds.*

1. *Duplicity in a complaint not ground of demurrer.*—Duplicity in a complaint could only be reached, at common law, by special demurrers, and since the abolition of such demurrers, is not a ground of demurrer.

2. *Vendee of land under parol contract; when cannot resist action for purchase-money.*—When the vendee of lands, or of an interest therein under a parol contract, takes possession under it, and his vendor is able and willing to protect him in the quiet enjoyment, he cannot successfully resist an action for the purchase-money.

3. *Error is not presumed, but must be shown.*—When the bill of exceptions does not set out all the evidence, this court will presume that the proof justified the rulings of the court below, unless the presumption is repelled by the record.

APPEAL from Cleburne Circuit Court.

Tried before Hon. W. L. WHITLOCK.

This action was brought Aug. 14, 1878, by J. C., T. P., A. B., W. W. and E. E. Hilton, against M. L. Pinson and J. W. Houston. The complaint contained a count on an account stated, and a second count in these words, "Plaintiffs claim of the defendants the further sum of four hundred dollars due on account stated, or verbal and written agreement, for a lease-hold estate, for (describing the land), which promise was made by the defendants on or about February 15th, 1876, and due June 10th, 1878." The defendants demurred to this complaint because—1. It was bad for duplicity, seeking a recovery on a verbal and written agreement, and on account stated. 2. Because it stated three causes of action, and was vague and uncertain. The court overruled the demurrer and defendants excepted. The defendants then pleaded " in short by consent"—1. Non-assumpsit. 2. The statute of

frauds. On the trial the plaintiffs read in evidence a lease from Walter Bell to them, conveying certain lands for a term of eleven years, commencing January 1st, 1874, and offered to read a transfer of this lease to the defendants, which was as follows: "For value received we do hereby transfer all our rights, claims and lease unto J. W. Houston and M. L. Pinson, to the above lease on (describing the land)." The defendants objected to this transfer as evidence, because it did not express the consideration, and was void under the statute of frauds. The court overruled the objection, and defendants excepted. The consideration of this transfer was the sum of eight hundred dollars, one-half of which was paid in cash, and the remainder the defendants promised verbally to pay whenever Walter Bell should obtain a title to a part of the lands demised by him, by the termination of a cause then pending in the Circuit Court of Cleburne county, wherein Mrs. Elvira Chilton was plaintiff, and said Bell was defendant. Mrs. Chilton recovered a judgment in the suit, but failed to pay the value of the improvements on the land within the time allowed by law. The defendant paid to the clerk of the court within three months thereafter the assessed value of the land. The defendant introduced evidence to show that the defendants did not agree to pay the four hundred dollars, if the said Bell acquired title to the land by the payment of its assessed value. The court, at the request of the plaintiff, charged the jury, that if they believed from the evidence that "the parties intended the payment of the four hundred dollars to depend on the successful termination of the litigation in favor of Bell, that when Bell paid the assessed value of the land, then he was successful, and the four hundred dollars became due, if the jury believed that the payment depended alone on the successful termination of the suit." The defendants excepted to the giving of this charge. The court, of its own motion, charged the jury, "that the jury might find for the plaintiffs if they believed from the evidence that the parties to the contract sued on, intended that the sum of money should become payable whenever Bell should obtain a title to the lands in controversy in the suit between him and Elvira Chilton, by the termination of said suit." The defendants excepted to this charge. The defendants then asked the court in writing to charge the jury—1. "That the plaintiffs cannot recover unless they believe from the evidence that the defendants admitted to the plaintiffs, or some one of them, that they were indebted to the plaintiffs in a certain sum of money unconditionally." 2. "The plaintiffs are not entitled to recover in this action unless the evidence shows an unqualified admis-

[Houston et al. v. Hilton et al.]

sion by the defendants that they were indebted to the plaintiffs in a certain sum of money." These charges the court refused to give, and the defendants excepted to each refusal. The errors assigned are, overruling the demurrer to the complaint, admitting the transfer of the lease in evidence, and giving and in refusing the charges as shown above.

SMITH & SMITH, for appellants.—The demurrer to the second count of the complaint should have been sustained. It contains matter for three separate counts, which were improperly put in one. The transfer of the lease did not describe the lands, nor did it express the consideration, and as the contract was executory the statute of frauds avoided it. *Parker, Adm'r, v. Hills,* 50 Ala. The charges given by the court were erroneous. The grantor in the lease was to obtain a title to the lands in the suit between himself and Mrs. Chilton. This title he did not acquire ; on the contrary, Mrs. Chilton recovered a judgment against him. *She* acquired the title, and is only debarred from obtaining a writ of possession by Bell's payment of the money into court. The charges, which were refused, should have been given, for there must be some proof to show that after the conditional promise to pay the four hundred dollars, the defendants acknowledged that the condition had occurred which made them liable before plaintiffs could recover, as on an account stated.

STONE, J.—Duplicity in a complaint, or in a plea, unless it be a plea in abatement, is not a ground of demurrer in this State. It could only be reached by special demurrer at common law ; and as special demurrers are abolished by statute in this State, save, perhaps, as to dilatory pleadings, such irregularity in a complaint is harmless.—2 Brick. Dig. 333, §§ 55, 56, *et seq* ; Code of 1876, § 3005.

The testimony in this case tended to show that the Hiltons held a lease from Bell, commencing January 1st, 1874, to continue eleven years, on two half sections of land—E. $\frac{1}{2}$ sec. 33, and W. $\frac{1}{2}$ sec. 34. A suit was pending in favor of Chilton against Bell, for the half section in thirty-four. The Hiltons sold this lease-hold interest to Houston & Pinson, receiving in part payment four hundred and fifty dollars ; and the testimony tends to show that the transfer of the lease by Hiltons to Houston & Pinson was made in consideration of $450 paid in cash, and of the further sum of four hundred dollars the defendants promised to pay, whenever said Bell should obtain a title to the W. $\frac{1}{2}$ of said section 34, by the termination of the said suit of Chilton against Bell. The bill of exceptions states it does not set out all the evidence,

[Houston et al. v. Hilton et al.]

and it is our duty to draw every reasonable inference, and to presume the proof of facts necessary to sustain the rulings of the court, unless the bill of exceptions repels such inference.—1 Brick Dig. 336, § 12.   We feel it our duty to presume, and suppose it is a fact, that Houston & Pinson took possession of the premises, when they purchased the lease from the Hiltons.   In construing the charges, we will suppose they received such possession, and had not been disturbed in its enjoyment.

A sale of lands, or of an interest in lands, even by oral contract, does not fall of its own weight.— *Gillespie v. Battle*, 15 Ala. 276.   A vendee of land under a parol contract, who has given his note for the purchase-money, and been let into possession, cannot avoid its payment on the ground that the contract is void by the statute of frauds.—*Rhodes v. Storr*, 7 Ala. 346.   If the purchaser takes and retains possession of the land, he cannot recover money paid under a verbal purchase.—*Cope v. Williams*, 4 Ala. 362 ; *Donaldson v. Waters*, 30 Ala. 175.   Possession by the vendee, with the consent of the vendor, under a parol contract for the sale of land, under the old statute, took the case out of the statute of frauds.—*Danforth v. Laney*, 28 Ala. 274.   Our statute of frauds—section 2121, Code, 1876—requires, " that in contracts for the sale of lands, or of any interest therein, except leases for a term not longer than one year, the agreement, or some note or memorandum thereof, must be in writing, expressing the consideration, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing ; unless the purchase-money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller."   But even conceding that the Hiltons did not contract in writing, yet, if Houston & Pinson took possession under the agreement, and the Hiltons are able and willing to protect them in the quiet enjoyment of the term, payment of the purchase-money cannot be successfully resisted.—*Alderson v. Harris*, 12 Ala. 580 ; *Lumpkin v. Reese*, 7 Ala. 173.

The pith and substance of the agreement made between the Hiltons and Houston & Pinson, was, that the latter should not be molested in the enjoyment of the leasehold estate during the continuance of the lease.   That result obtained, it was a matter of no moment to them whether Bell recovered the land by the verdict of the jury in his favor, and judgment thereon, or, by paying to the clerk of the court for the use of the plaintiff, the value of the lands and tenements as assessed by the jury, on the default of the plaintiff to pay the excess of value of the permanent improvements

[Reynolds et al. v. Simpkins.]

over the value of the rents.—Code of 1876, § 2954 ; *Helven-stein v. Higgeson*, 35 Ala. 259 ; *Teague v. Wade*, 59 Ala. 369.

In the two affirmative charges given to the jury, the Circuit Court conformed to the rules above declared, and did not err. The two charges asked, hinge the plaintiffs' right to recover any thing in this action on the question, whether defendants unconditionally admitted an indebtedness to plaintiffs. The record, in effect, informs us it does not contain all the evidence. Indeed, there is testimony tending to show plaintiffs' right to recover, independent of any admission defendants may have made. But if this were not so, it would be our duty, in favor of the correct ruling of the Circuit Court, to presume there was evidence of the liability of the defendants, other than that which rested on their admissions. Error cannot be presumed, but must be shown.—1 Brick. Dig. 340, §§ 71, 74; *Williams v. Barksdale*, 58 Ala. 288.

Affirmed.