# Linn *v.* McLean.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Statute of frauds, as to contract for sale of land; part performance; acceptance by attorney.*—Where the owner of a tract of land sold and conveyed by deed all the ochre which the purchaser could get out within a specified period, with the option to purchase the land absolutely, on payment of an additional sum by a specified day; an election to accept the offer, manifested only by a letter written by the purchaser's attorney, is void under the statute of frauds, unless the attorney was "thereunto authorized in writing" (Code, § 1732); nor is the case taken out of the statute, on the ground of part performance, by the possession given and taken under the original contract, and the original payment for the ochre.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 20th March, 1885, by W. S. McLean, against J. J. Linn; and sought to enforce an alleged vendor's lien for the unpaid purchase-money of a tract of land, containing about sixty acres. The contract for the sale of the land, as the complainant insisted, was shown by two writings: 1st, a deed dated February 13th, 1884, by which complainant sold and conveyed to said Linn, with covenants of warranty, all the ochre which the said Linn might be able to mine and take out of the land up to the 1st January, 1887, and gave him the option of becoming the absolute purchaser of the land, within twelve months, on the terms therein specified; and, 2d, a letter written to complainant by defendant's attorney, C. P. Jones, dated February 13th, 1885, declaring an election to become the absolute purchaser; whereby, as the bill alleged, "said Linn became vested with the equitable right to said land, and complainant with the right to said agreed purchase-money, and the equitable right to have said land sold for the satisfaction of the same." The deed and the letter, or the material parts thereof, are set out in the former report of the case.—*Linn*

[Linn v. McLean.]

*v. McLean*, 80 Ala. 360–69. Linn was put in possession under the original contract, and paid $1,000 cash, the stipulated price for the ochre; and the bill alleged the tender of a deed to him by the complainant, after the election shown by the letter of Jones, and his refusal to accept it, or to pay the agreed purchase-money, $7,000. The defendant demurred to the bill, assigning as special ground of demurrer, with others, that it did not appear that Jones was authorized in writing to make the election and acceptance declared in his letter. The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainant; but his decree was reversed by this court on appeal, although it was held that the statute of frauds was not, under the allegations of the bill, available as a defense on demurrer.—80 Ala. 364. After the remandment of the cause, the defendant amended his answer, by leave of the court, and set up the statute of frauds as a defense, both by plea and answer. The chancellor overruled the plea, and rendered a decree for the complainant; and this decree is now assigned as error.

JONES & FALKNER, for appellant, cited *Norman v. Molett*, 8 Ala. 546; *Heflin v. Milton*, 69 Ala. 354; *Hutton v. Williams*, 35 Ala. 503; *Stringfellow v. Ivie*, 73 Ala. 208; *Rose v. Gibson*, 71 Ala. 35; *Whaley v. Whaley*, 71 Ala. 159; *Pike v. Pettus*, 71 Ala. 98; *Patton v. Beecher*, 62 Ala. 579; *Phillips v. Adams*, 70 Ala. 373; *Williams v. Morris*, 95 U. S. 456; *Corbet v. Salem Gas Co.*, 25 Amer. Rep. 543, Note; *Rice v. Roberts*, 1 Amer. Rep. 195; *Irwin v. Hubbard*, 19 Amer. Rep. 679; *Bromfield v. Carson*, 5 Amer. Rep. 185; *Richardson v. Johnson*, 22 Amer. Rep. 712.

BRICKELL, SEMPLE & GUNTER, *contra*.—(1.) The contract between the parties was in writing, expressing the consideration, and met all the requirements of the statute of frauds. By its terms, Linn secured a lease for a given term, and an irrevocable option to become the purchaser, by signifying his election to do so within one year, and paying the additional $7,000 as balance of purchase-money. The contract is equally valid as a lease, and as a sale, at his election; and to make his election valid and binding, the statute does not require that it should be expressed in writing, or that notice thereof should be given in writing.—*Daniels v. Davidson*, 16 Vesey, 252; 1 Sugden on Vendors, 274 [178], 287;

*Reuss v. Pickley,* Law R., Excheq., vol. 1, p. 342; *Townley v. Bedwell,* 14 Vesey, 594; *Collins v. Whigham,* 58 Ala. 438; *Seton v. Slade,* 2 L. C. Eq. 1087–94; *Corson v. Mulvany,* 88 Amer. Dec. 485; 101 Penn. St. 489; 69 Penn. St. 480. (2.) Linn took possession under the contract, and paid $1,000; and when he elected to become a purchaser, this payment became a part of the purchase-money, and his possession was referred to his title as purchaser. This brought the case within the express provisions of the statute of frauds.—Code, § 1732; *Dowell v. Dew,* 1 Y. & C., 356; 2 El. & Bl. 133. (3.) But the plea of the statute of frauds was substantially defective, because it did not negative possession and part payment of the purchase-money.—Story's Ev. Pl., § 777; Eq. Dr. 655; Curt. Eq. Pr. 173; *Bailey v. Rider,* 6 Selden, N. Y. 370; *Piatt v. Vattier,* 9 Peters, 405; *Duckworth v. Duckworth,* 35 Ala. 74.

STONE, C. J.—When this case returned to the Chancery Court, the answer was amended by leave of the court, for the purpose of interposing the defense of the statute of frauds, against the relief prayed by the bill. Our statute is different from its English prototype, 29 Charles Second. It is also different from many, if not most of the statutes of other States on the same subject. Its language is: "In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized in writing: . . . . . . .
Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase-money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller."—Code of 1886, § 1732 (2121).

It is contended for appellee, that appellant's plea or defense of the statute of frauds is insufficient in its averments. The contention is, that it fails to deny that Jones, who is alleged to have made the election to purchase as the agent of Linn, was "thereunto lawfully authorized *in writing.*" Such authority is expressly denied. The plea goes further, and denies that Jones had any authority from Linn, either written or verbal. The objection is, that the plea does not

deny the payment of the purchase-money, or a portion of it, and does not deny that McLean put Linn in possession.

Possibly it would be a sufficient answer to this objection, that the bill itself avers that no part of the purchase-money had been paid, and that Linn took possession. under the lease, and still retained possession when the bill was filed. We need not, however, place the decision on this question. The amended answer avers in terms, as part of the defense of the statute of frauds, that Linn has made no payment on the land as purchase-money, and that he has had no possession, save that he acquired, and continued to hold as lessee.

It is further contended for appellee, that this case is brought within the exception to the operation of our statute of frauds; that Linn took possession of the land under his purchase, and that the thousand dollars he paid on first entering into the contract, became part payment of the purchase-money, when he elected to make the contract a purchase.

There can be no question that Linn, through Nash, was in possession as lessee, on February 13, 1885. It is not pretended he went out of possession, and was again put in. His possession, until he was superseded by the receiver, was continuous. Taking possession as a lessee, that *status* is presumed to continue until a change of title, or changed relations, are affirmatively shown. We do not say that, if there be proof that the lease was converted into a purchase, that would not change the character of Linn's holding. The possession is referred to the title under which it is held. *McCarthy v. Nicrosi*, 72 Ala. 322. What we do affirm is, that a possession taken as lessee, and continued without visible change, does not tend to prove that such occupant was put in possession of the land as purchaser by the seller, so as to meet that provision of the statute of frauds. No act was done calculated, or tending, to give notice of a change of holding.—*McCarthy v. Nicrosi*, 72 Ala. 322; *Watt v. Parsons*, 73 Ala. 202.

So, of the thousand dollars paid. There can be no question that, up to and on February 13, 1885, this thousand dollars was the purchase-price of the lease, and only of the lease. It was no part of the purchase-money of the land, for up to that time there had been no contract of purchase. Was its *status* then changed, and, if changed, by what means? We submit if the argument does not at last resolve itself into this: That the possession, and payment of the thous-

[Linn v. McLean.]

and dollars, make the oral election sufficient; and the oral election transfers that payment from the lease to the purchase, and thus takes the case without the influence of the statute of frauds. Which is the major, and which is the minor factor, it is not so easy to determine. It is manifest that the legal validity of the contract must depend on the sufficiency of Jones' letter.

When this case was before us at a former term—80 Ala. 360—most of the questions presented by this record were decided. We then said: "The stipulation of the contract of February 13, 1884, giving appellant the right to purchase within twelve months, may be regarded as an offer to sell, continuing and extending through the stipulated time; and being supported by a sufficient consideration, it is not subject to revocation." So that the agreement of February 13, 1884, while resting on a single consideration, embraced two subjects-matter. First, a lease for a specified term, of certain mineral and mining interests in the lands described. To this extent it was an executed contract. It contained another stipulation, which, being on a valuable consideration, in writing, and signed by McLean, was binding on him for the time stipulated, and was irrevocable. It was not a sale, and did not bind Linn. It was an option sold, and therefore, for a term, beyond the power of revocation, and not a mere gratuitous offer, which, until accepted, may be withdrawn, without incurring liability to any one. It was a fixed offer of sale for a given time, with no one bound to purchase. If the offer had been accepted within the specified time, there would then have been the concurring assent of two minds—an agreement, a contract. Till then there could be no sale, nor agreement of sale. It is a mistake to suppose that the acceptance of an offer thus made, the election to purchase, is not an agreement—is not a contract. There can be no sale without an agreement to sell, without a contract of sale; and until the election is made, the offer accepted, there is no concurring assent of the two minds—there is no sale.

It has been much debated on both sides of the Atlantic, whether, to take a case without the influence of the statute of frauds, it is essential that each contracting party shall be equally bound, and shall have become so at the same time. Much can be, and has been said, on both sides of this question. The words, "subscribed (or signed) by the party to be charged therewith," have been given a controlling in-

VOL. LXXXV.

[Linn v. McLean.]

fluence in settling the interpretation. And it has been long settled by a great preponderance of authority, that if the contract be so executed as to bind the party who is sought to be charged—the party against whom relief is prayed—it is not material that the party who seeks redress should have so executed the contract as to give a right of action against himself. This does not imply that the party, not originally bound, can hold his adversary to the observance of his part of the stipulations, and then repudiate his own. It rests on the doctrine, deemed equitable, that by holding his adversary to a contract duly executed by him, he adopts and ratifies the contract as duly made by himself, and estops himself from denying its due execution. By voluntarily invoking judicial assistance, he shows that the policy of the statute, "to prevent frauds and perjuries," does not apply to his case. And, inasmuch as this ratification and estoppel on his part are the immediate results of the suit by which he seeks to charge his adversary, the available, efficient obligations of the contract may, in the most important sense, be said to attach to each at the same time. The authorities which maintain the doctrine of this paragraph are too numerous for citation. Many of them are collected in a note to *Seton v. Slade,* 2 Lead. Cases in Eq. (4th Amer. Ed.), beginning at p. 1094. *Heflin v. Milton,* 69 Ala. 354; *Knox v. King,* 36 Ala. 367; *Hutton v. Williams,* 35 Ala. 503; *Smith's Appeal,* 69 Penn. St. 474.

The subjoined cases are relied on, in maintenance of the decree of the chancellor. None of them are against parties who had not subscribed the contract, and none of them, in the principles actually decided, granted relief against parties who had not signed, either by themselves or agent. Some statutes, unlike ours, do not require that the agent shall be authorized in writing.—*Corson v. Mulvany,* 49 Penn. St. 88; s. c., 88 Amer. Dec. 485; *Reuss v. Picksley,* Law. Rep. 1 Exch. 342; *Richards v. Green,* 23 N. J. Eq. 536. Frick's Appeal, 101 Penn. St. 485, is not opposed to our views, but it contains some utterances which are not adapted to our system.

We hold that the election and acceptance by Jones, not being authorized in writing, did not bind Linn.

The decree of the chancellor is reversed, and we would dismiss the bill, if there was not a receiver who must make his settlement.

Reversed and remanded.