[Keeble v. Jefferson County Savings Bank.]

# Keeble *v.* Jefferson County Savings Bank.

*Action on Promissory Note, by Indorsee against Maker.*

1. *Note given for purchase-money of land; defective conveyance as defense.*—The purchaser of lands, while continuing in undisturbed possession, can not defeat an action on a note given for the purchase-money, on the ground that the vendor was a married woman, and that the deed was not properly executed by her husband as a party; particularly when the evidence shows that another deed, strictly legal and sufficient, was executed and tendered before suit brought.

2. *Contract with agent having antagonistic interests.*—A purchaser of land can not defend against an action on a note given for the purchase-money, on the ground that the real estate agent, who effected the purchase for him had an antagonistic personal interest in effecting the sale, when the evidence shows that the agent acted only for the vendor, and was paid only by the vendor.

3. *Indorsement of note payable to married woman.*—When a promissory note payable in bank, to the order of a married woman, is by her indorsed without the written assent and concurrence of her husband, but his assent and concurrence is afterwards indorsed on the note before suit brought, the indorsee may maintain an action on the note in his own name; and no defense being shown which would be available against an action by the payee, it is wholly immaterial whether the husband's indorsement was made before or after the maturity of the note.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by the Jefferson County Savings Bank against Mrs. Julia P. Keeble, a married woman; and was founded on the defendant's promissory note for $2,166.67, which was dated February 9th, 1887, and payable two years after date, "to the order of Mrs. L. A. Moody Purser, at the Jefferson County Savings Bank." The note was given for part of the purchase-money of a tract of land, which Mrs. Keeble had bought from Mrs. Purser; and the plaintiff claimed to own the note by indorsement. The pleadings in the case are voluminous, but the decision of this court renders a statement of them unnecessary. The case was submitted to the decision of the court, without a jury; and the judgment in favor of the plaintiff is here assigned as error, with other matters.

SEMPLE & LITTLE, SMITH & LOWE, for appellant.

E. K. CAMPBELL, and LANE & WHITE, *contra.*

[Keeble v. Jefferson County Savings Bank.]

STONE, C. J.—This case was tried before the judge of the Circuit Court without a jury. The record sets out all the testimony. Many of the rulings on the pleadings and on the introduction of testimony are assigned as error, but we are not convinced that the Circuit Court committed any errors in these respects. We will not, however, consider these questions, or any of them, with particularity. Certain facts are established to our satisfaction by testimony that is free from objection, and if the court erred in receiving illegal evidence, it was error without injury. So of the pleadings. Whether the rulings on them were correct or not, enough remained of the issues to authorize proof of every legal defense the defendant attempted to make, and under them such proof was made.

One defense relied on was, and is, that in the deed made by Mrs. Purser to Mrs. Keeble, the appellant, the name of her husband, D. I. Purser, is not shown in the body of the instrument. He signed with his wife, the vendor, at the bottom. The proof is full that, at the time of the sale, February, 1887, the lot was unimproved, and remains so yet, and that immediately after purchasing Mrs. Keeble placed it in the hands of a real estate agent, to be sold on her account. She had it given in for taxes; and there is no averment or proof that she has ever been molested in the control of the lot. No question has been raised, by plea or otherwise, on the sufficiency of Mrs. Purser's title. In this state of the title and of the facts, Mrs. Keeble fails utterly to make a case in which she can defend against a suit for the purchase-money.—2 Brick. Dig. 511–12, §§ 82, 83, 84 *et seq.;* 3 *Ib.* 807, §§ 132 *et seq.;* *Houston v. Hilton,* 67 Ala. 374.

*Blythe v. Dargin,* 68 Ala. 340, is relied on by appellant in support of the foregoing ground of contention. If this were a suit by Mrs. Keeble for specific performance, that case would be in point. That is not the question we have in hand. We are not called on to decide whether Mrs. Purser, by the writings first executed, was compellable to make a good and sufficient title. That question has been taken out of the controversy by the strictly legal and sufficient deed she and her husband executed and tendered before this suit was brought. In this way every vestige of defense Mrs. Keeble could by any possibility have made against this suit, was swept away—*Gillespie v. Battle,* 15 Ala. 276; *Houston v. Hilton,* 67 Ala. 374. This case is governed, not by the principle decided in *Blythe v. Dargin,* but by the inquiry raised, but not ruled on, in the last paragraph of that opinion. Unaided, it can not be ground of defense in a suit, like the present one, for the purchase-money.

[Keeble v. Jefferson County Savings Bank.]

A second defense sought to be raised by the pleadings avers that Mrs. Keeble made the purchase of the lot, the consideration of the note sued on, through Miles as her agent; that D. I. Purser, husband of Mrs. Purser, the vendor, was a partner with Miles in his business of real estate agent; and that he, Miles, purchased the property from the wife of his said partner, Purser, without disclosing to her the fact that Purser was his partner. A sufficient answer to this attempted defense is, that not only is there a failure of proof that Miles acted as the agent of Mrs. Keeble in making this purchase, but the proof is clear that he acted as the agent of Mrs. Purser, the vendor, and was paid, or to be paid, by her for his services in making the sale.

As an element of the defense in this case, it is contended that the attempted transfer of the note to the Jefferson County Savings Bank, before the maturity of the note, was evidenced only by the indorsement of Mrs. Purser, without "the assent and concurrence of the husband expressed in writing"—Code of 1886, § 2346—that such assent in writing was given only after the note matured, and that consequently the Savings Bank did not become the owner of the paper before its maturity, so as to cut off defenses that could have been made against Mrs. Purser, the payee. The note is, on its face, payable in bank, and it required a written transfer to authorize a transferree to sue in his own name.—Code of 1886, §§ 1756, 1762, 1765. That the husband's written assent and concurrence were indorsed on the note before the suit was brought, is not controverted. This perfected the transfer attempted by Mrs. Purser, and vested in the Savings Bank the legal title to the note sued on. It authorized suit in the name of the Savings Bank. Whether the written assent and concurrence was given before or after the maturity of the note, is wholly immaterial in this case; for the defendant has shown no defense to the action, even if it were brought in the name of the payee.

If there were any testimony tending to prove this line of defense, could it be made at law? Would it not be necessary to invoke equity powers to obtain relief against a fraud, such as is intimated in this case?

There is no error in the record, and the judgment is affirmed.