# McKinnon *v.* Mixon.

### *Statutory Action of Ejectment.*

1. *Tax sale; deed invalid without advertisement and notice.*—It is essential to the validity of a tax deed which was executed in 1893, that the tax sale should have been advertised as provided by statute, and that notice of such sale should have been so given, (Code of 1886, § 576).

2. *Same; burden as to proving compliance with statute.*—Without a substantial compliance with the law authorizing sales of

[McKinnon v. Mixon.]

lands for taxes, in respect to giving notice thereof, as well as in other essentials, no validity attaches to a deed made in pursuance of such sales; and the burden of proving such compliance is on the party claiming under the deed.

3. *Statute of frauds; sale of lands; when void.*—The only parol contract for the lease or sale of lands, which can be withdrawn from the present statute of frauds, is where the purchase money or a portion thereof is paid, and the purchaser put in possession by the seller. These facts must concur; neither one without the other will satisfy the requirements of the statute.

4. *Ejectment; sale of lands; statute of frauds; estoppel.*—In an action of ejectment, it was shown that the plaintiff who had never had possession of the lands sued for, but claimed them under an invalid tax title, sold them to the party who was in possession and took from him for the purchase money an ordinary note, which contained no recital as to its being given for the purchase price of the land. A partial payment was made by the purchaser on this note. No deed was ever delivered to him, and subsequently the purchaser sold the property to the defendant, and executed to him a deed therefor. *Held*: That the sale of the land by the plaintiff was void under the statute of frauds, and that, therefore, the defendant was not estopped as a sub-vendee of the plaintiff from denying the plaintiff's title.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment brought by the appellant against the appellee to recover the possession of certain lands specifically described in the complaint. The claim of the plaintiff to the land, and the facts of the case are sufficiently shown in the opinion.

Upon the introduction of all the evidence the plaintiff requested the court to give the jury the general affirmative charge in his behalf. The court refused to give this charge, and the plaintiff duly excepted. The plaintiff also excepted to the court's giving at the request of the defendant the general affirmative charge in his favor.

From a judgment in favor of the defendant the plaintiff appeals, and assigns as error the refusal of the court to give the charges requested by him, and the giving of the charge asked by the defendant.

[McKinnon v. Mixon.]

W. O. Mulkey, for appellant.—A vendee, in an executory contract of sale of lands, when sued for possession by his vendor, can not dispute his vendor's title, or possession to the lands in questionn.　Nor could he, while remaining in possession under the purchase, set up an outstanding title.　It is immaterial whether the plaintiff had the legal title or not, or whether he had ever had possession or not, as between him and Leslie's or Leslie's grantee.　Leslie by his purchase admitted this and he can't now dispute it.—*Tenn. & Coosa R. R. Co. v. East Ala. Ry. Co.*, 75 Ala. 516; *Seabury v. Doe*, 22 Ala. 207; 9 Wallace U. S. 290; 7 Ency. of Plead. & Prac. 324; *Vancleave v. Wilson*, 73 Ala. 389; *Norwood v. Kirby*, 70 Ala. 397.

The fact that Leslie did not take possession when he purchased, or the fact that he was already in possession at the time, can not defeat the plaintiff's right to recover.—*Jackson v. Ayers*, 14 Johns. (N. Y.) 224. The defendant Mixon, by his purchase from and entry under Leslie, acquired no better or greater right to the possession than his grantor did.—*Tenn. & Coosa R. R. Co. v. East Ala. Ry. Co.*, 75 Ala. 516.

Espy & Farmer, *contra.*—The tax deed offered in evidence by appellant is absolutely void because there was no recital in the deed that the lands described therein were advertised for sale by the tax collector before he sold the same and there was no independent proof to that end.　This being so it is obvious that this tax deed is void.—*Johnson v. Harper*, 107 Ala. 706.

The sale of the property by the plaintiff to the grantor of the defendant was void under the statute of frauds.—*Manning v. Pippen*, 95 Ala. 537; *Heflin v. Milton*, 69 Ala. 354.

SHARPE, J.—On the trial there was no evidence tending to show that the plaintiff or any one with whom he was in privity ever had possession of the lands sued for, and no attempt was made to trace title to him from its original source.　Only by proof of the contents of a destroyed tax deed executed to him by

[McKinnon v. Mixon.]

the probate judge in 1893 did he offer to establish any muniment of title upon which to base his claim, and that deed was not available as such muniment because, if for no other reason, there was no evidence either in the deed's recitals or *aliunde* that any notice was given of the tax sale as was required by the statutes. Code of 1886, § 576. Without substantial compliance with the law authorizing sales of land for taxes in respect to giving such notice as well as in other essentials, no validity attaches to a deed made in pursuance of such sales; and the burden of proving such compliance is on the party claiming under the deed. *Johnson r. Harper*, 107 Ala. 760; *Nat. Bank. v. Baker Hill Iron Co.*, 108 Ala. 635; *Reddick v. Long*, 124 Ala. 260.

Apparently the plaintiff's chief reliance is upon a supposed estoppel operating to preclude the denial of his title. The estoppel is claimed to exist under the uncontradicted testimony of the plaintiff, which was to effect that in 1897 while one Leslie was in possession of the lands, he sold them to Leslie; that he took Leslie's note for the purchase money and agreed to make him a deed upon payment of the note; that a partial payment was made and credited on the note; that at some time which is not stated, he, the plaintiff, prepared and signed a deed to be delivered to Leslie on payment of the purchase money, but that the same was never paid in full and the deed was never delivered, and further that the defendant took possession of the land under a deed from Leslie. The note was in evidence and was in the ordinary form of a note waiving exemptions to personalty.

The defendant questions the sufficiency of this evidence to show a sale by the plaintiff in view of the statute of frauds which declares void every contract for the sale of lands, etc. except for a term not longer than one year, of which there is no note or memorandum in writing, expressing the consideration, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing, "unless the purchase money or a portion thereof, be

paid, and the purchaser be put in possession of the land by the seller." This question is properly raised by the defendant under the general issue; for in ejectment the plea "not guilty" lets in every matter provable in bar of the suit.—*Richardson v. Stephens*, 114 Ala. 238.

The validity of the contract relied on to estop the defendant being so put in issue the plaintiff held the affirmative upon that issue, and the burden was on him to show a sale was made to Leslie in such way as to escape condemnation by the statute of frauds.—*Jonas v. Field*, 83 Ala. 445; *Jones v. Hagler*, 95 Ala. 529. In the absence of evidence to show such a sale, the relation of sub-vendee in which the defendant is sought to be placed would not be shown to exist. The necessity for such proof is not obviated by the fact that the defendant was not a party to that contract, for if the defendant is bound to recognize the plaintiff's title it is because in respect of such obligation he stands in Leslie's place.

By the evidence it was not shown that in the attempt to sell, any writing was made other than the note referred to, and that fails as a note or memorandum of the sale in that it contains no reference to a sale of lands; and though part of the price was paid it does not appear that Leslie was put in possession of the lands by the plaintiff. Possession must concur with payment, and, to uphold the contract under the exception made by the statute, must be yielded and taken under and in pursuance of the agreement to sell.—*Heflin v. Milton*, 69 Ala. 354; *Manning v. Pippen*, 95 Ala. 537.

In *Franke v. Riggs*, 93 Ala. 252, and again in *McMahon v. Jacoway*, 105 Ala. 585, it was held by this court that one occupying lands under a rental contract, does by continuing to occupy after an agreement to purchase from his landlord, and part payment take possession as to validate the sale within the exception of the statute. This is not plainly reconcilable with the opinion expressed in *Linn v. McLean*, 85 Ala. 250, where it was said: "A possession taken as lessee and continued without visible change, does not tend to prove that such occupant was put in possession by the seller, so as

[Dicus *et al.* v. Childress.]

to meet that provision of the statute of frauds." If the cases affirming the proposition are correct, it must be upon the consideration that the tenant's possession was that of the landlord and that the same was transferred to the latter by the former by force of the agreement to sell. Whatever may be the rule in such cases, there is no theory short of a pure fiction upon which it can be held that one who has no possession either actual or constructive may put in possession another who already has possession. See *Danforth v. Laney*, 28 Ala. 274; *Linn v. McLean*, *supra*; *Detrick v. Sharrar*, 95 Pa. St. 521.

The proof failing to show that plaintiff by any operative contract sold the lands to Leslie, the defendant is not shown to be in the situation of a sub-vendee under the plaintiff. How such a relation if established would affect the defense is a question that has not arisen, and need not be discussed.

Let the judgment be affirmed.