(131 So. 12)

**ALABAMA GREAT SOUTHERN R. CO. v. GOODWIN.**

**6 Div. 586.**

Supreme Court of Alabama.

Nov. 20, 1930.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Mullins & Jenkins and R. P. Evans, all of Birmingham, for appellee.

THOMAS, J.

The trial was had upon a count for simple negligence and plea in short by consent.

Appellant presents one proposition that plaintiff was guilty of "such contributory negligence that the defendant was entitled to the general affirmative charge on the whole case, and also on count one of the complaint," and cites Code of the city of Birmingham, §§ 1860, 1883, and 1884. We take judicial knowledge of the same, which are as follows:

"Sec. 1860. *Motor Vehicles to Cross Railroads on Signal of Flagman:*—At crossings where a flagman is stationed and in view of the person operating such motor vehicle, it shall be unlawful for such motor vehicle to cross or attempt to cross such railroad crossing when a signal of danger is given by the flagman, or when no signal is given by such flagman."

"Sec. 1883: *Flagman to Conduct Traffic:* —It shall be the duty of all flagmen at crossings where same are required by this Code, or may hereafter be required by ordinance, to remain at all times in full view of persons approaching said crossings, either on foot or in vehicles, and to promptly signal them to pass over if they can safely do so, or to stop if a train is approaching too near to admit of safe passage.

"Sec. 1884. *Unlawful to Disobey Signal of Flagman:*—It shall be unlawful for any person on foot or in vehicle to disregard the warning signal of danger given by any flagman at any railroad crossing or to attempt to cross said railroad after such person has been warned of danger by such flagman, until after such train or trains shall have passed and the flagman shall have given a signal of safety."

The rule as to giving and refusing general affirmative instructions need not be repeated. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Stalcup v. McCullough (Ala. Sup.) 128 So. 911.[1] And the duty of pedestrians and drivers of vehicles to stop, look, and listen on approaching a railroad track or tracks, and that of a flagman at such point to give a signal, and the duty of adherence thereto, etc., are stated in Cunningham v. L. & N. R. Co., 209 Ala. 327, 96 So. 358; and the duty of the flagman at a crossing requiring him while in service to remain at all times in full view of persons approaching that crossing is declared by the ordinances we have set out.

[1] 221 Ala. 699.

It will be noted that the stated effect of section 1860 of the city code of Birmingham makes it unlawful for motor vehicles to be driven on or across a railroad crossing (1) when a signal of danger is given by the flagman attendant thereon; (2) or when "no signal is given by such flagman," where such official or agent "is stationed and in view of the person operating such motor vehicle." Its effect was not to prohibit the operator of a vehicle in all events from crossing when no signal of danger is given by the flagman, but that the ordinance be taken and considered in pari materia with section 1883 of the city code, requiring the flagman in charge at such crossing to remain at all times in full view of the persons approaching such railroad and street crossings. The duty of the operator of a vehicle in the premises is therefore dependent, in respects indicated, upon the fact of observance of said duty by the flagman—to obey the requirements of the ordinance.

The evidence of the flagman was that he was at his place of duty and waved the red lantern up and down the track (that would be across the street) "until the train got over the crossing"; that he "had not given any green signals" since the Louisville & Nashville train passed; that said flagman was off the sidewalk a little on the street; and, upon his redirect examination, that witness also said he went over and protected the crossing as the Alabama Great Southern train came down.

There were adverse inferences in the evidence as to where the flagman was and what he did as to signals visible to plaintiff and plaintiff's action in looking therefor immediately before and at the time he started on the crossing. The weight of the evidence under the motion was not presented for consideration here.

The judgment is affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

