160 So. 232

**ALABAMA LUMBER & BUILDING MATERIAL ASS'N et al. v. MASON.**

6 Div. 695.

Supreme Court of Alabama.

March 21, 1935.

David J. Davis, of Birmingham, for appellants.

W. A. Denson, of Birmingham, for appellee.

GARDNER, Justice.

Plaintiff's bicycle and defendant's automobile collided at the intersection of Fifth avenue and Twenty-Second street in the city of Birmingham, and this suit for damages followed; count 1 charging simple negligence, count 2 subsequent negligence, and count 3 wantonness. Plaintiff was traveling north, and defendant first east and then turning north. Pleas 1, 2, and 3 were, in effect, the general issue. Plea 9 was, in substance, that plaintiff entered the intersection of these streets and proceeded across same after defendant's car, though defendant's car approached the intersection prior to plaintiff's bicycle. Upon the issues thus presented, the cause was submitted to the jury.

■ Defendants, however, sought to interpose other matters of defense, but were deprived thereof by the ruling of the court in sustaining demurrer to their pleas. Illustrative are pleas 5 and 6 as amended. These pleas rested upon the theory of contributory negligence on plaintiff's part in the violation of a city ordinance, of which the court takes judicial notice. Ala. Gr. So. R. R. Co. v. Goodwin, 222 Ala. 59, 131 So. 12. Plea 5 in substance and effect alleges the violation by plaintiff of that feature of section 5929 (Birmingham Code 1930) which prohibits any person to operate a vehicle into the intersection of any two or more streets at which any traffic light signal device is in operation when the gong connected with such device is sounding, and plea 6 charges such conduct on plaintiff's part when the amber or red light was displayed against the path or direction of his travel. The first amendment of these pleas made more specific the allegation that plaintiff's conduct in thus propelling the bicycle into the intersection proximately contributed to his injury, and the second amendment went still farther and alleged that his acts were concurrent with those of defendant Loehr, and that plaintiff at the time and place had knowledge of the conditions and of his peril.

■■ It is settled by our decisions that the violation of a city ordinance is negligence per se (Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Newell Contracting Co. v. Berry, 223 Ala. 111, 134 So. 868), and that the ordinance here in question was for the purpose of conserving the safety of the traveling public and pertinent to the instant case cannot be seriously questioned (City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430).

As to count 1, the pleas as last amended perhaps went beyond the necessity of the case, -but, whether so or not, as thus amended they clearly set up a good defense to said count, and were not subject to the demurrer interposed.

Suggestion is made that defendants received the benefit of these pleas under plea 9, but a reading of that plea suffices as an answer to this contention. Nor was it so considered by the trial court, as evidenced by the refusal of charges to defendants based upon said alleged ordinance violation.

■ The ruling on these amended pleas necessitates a reversal of the cause without a consideration of other assignments of error. We may add, however, in view of another trial of the cause, that the evidence elicited by plaintiff from the witness Dr. Thuss (assignment 48) was, we think, clearly subject to the objections interposed, and was rested upon a mere speculation.

For the error first herein indicated, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.