# Donley, Adm'r, *v.* McKiernan.

*Bill in Equity to set aside Conveyance.*

1. *Conveyance; who can assail.*—To entitle a party to assail and avoid a conveyance, on the ground that it is fraudulent as to creditors, complainant must show, among other things, that he was a creditor of the grantor, at or before the making of the conveyance.

2. *Judgment; what not evidence of.*—The record of a judgment recovered against the grantor after his execution of a deed to another, is not evidence as to such grantee, to show an indebtedness prior to its rendition.

APPEAL from Colbert Chancery Court.
Heard before Hon. H. C. SPEAKE.
The opinion states the case.

KEYES & JONES, for appellant.

J. B. MOORE, *contra*.

MANNING, J.—The object of the bill in this cause was to

set aside deeds of conveyance from Charles B. McKiernan and others at his instance, to Rebecca, the wife of said Charles, executed in 1866, and alleged to be fraudulent and void as against complainant. The latter is administrator of a deceased creditor of Chas. B. McKiernan, against whom a judgment was rendered for the debt, in the Circuit Court of Franklin county, on the 26th of March, 1867. The suit, in which this judgment was rendered, was begun in March, 1866; and the only evidence in the record of the indebtedness, is the record of the suit and judgment.

Without consideration of any other question, which it would be necessary to decide before rendering a decree in favor of appellant, let us see whether he has proved himself entitled to relief as a creditor by virtue of his being such, or the representative of a person who was a creditor of Charles B. McKiernan, before or at the time when the deed was made. This was executed under the decree of a Court of Chancery, in which she claimed that her husband was indebted to her for property of her's appropriated to his use.

In this cause, she, Mrs. McKiernan, is the principal defendant. It is landed estate which she claims to be the owner of, that is sought to be subjected to the payment of her husband's debt. Hence, unless evidence admissible and operative against her, prove the existence of this before or when her title accrued, the complainant does not show himself to be one who could have been defrauded, hindered or delayed by the conveyance to her, or therofore entitled to any decree in his favor.

Now, the record of a suit at law between complainant's intestate and Charles B. McKiernan—being in respect to the wife of the latter, *res inter alias acta*—is evidence against her, only of the fact that such a judgment was rendered, and of the time of its rendition. It does not, nor does any recital in the pleadings, operate as proof against Mrs. McKiernan of the time when the debt originated, for which the judgment was rendered. It is evidence against her only as of the date of the judgment. And other evidence was necessary to establish the pre-existence of the debt, and show that it was created before her title was obtained.—*Snodgrass v. Br. Bank*, 25 Ala. 161; *Henry v. Sims, Harrison & Co.* 60 Ala. 185.

No such evidence was adduced or offered.

It follows that the decree of the Chancellor must be affirmed.