# Calhoun *v.* Hannan & Michael.

### *Action on Attachment Bond.*

| 87 | 277 |
|----|-----|
| 93 | 73 |
| 93 | 293 |
| 93 | 463 |
| 93 | 526 |

| 87 | 277 |
|----|-----|
| 94 | 409 |

| 87 | 277 |
|----|-----|
| 96 | 415 |
| 97 | 507 |

| 87 | 277 |
|-----|-----|
| 101 | 630 |
| 101 | 694 |

| 87 | 277 |
|-----|-----|
| 104 | 144 |
| 104 | 464 |

| 87 | 277 |
|-----|-----|
| 108 | 408 |
| 108 | 422 |
| 109 | 185 |

| 87 | 277 |
|-----|-----|
| 111 | 307 |

| 87 | 277 |
|-----|-----|
| 121 | 103 |

| 87 | 277 |
|-----|-----|
| 125 | 531 |

| 87 | 277 |
|-----|-----|
| 126 | 103 |
| 126 | 104 |

1. *When action lies.*—Although an attachment may have been sued out vexatiously and maliciously, an action can not be maintained on the bond, unless it was also wrongfully sued out—that is, unless it was sued out without the existence of any one of the facts which authorize a resort to the process.

2. *Damages; error without injury.*—In an action on an attachment bond, a judgment on verdict for the defendants conclusively determines that the writ was not wrongfully sued out; and the rulings of the court on the pleadings and evidence, or in the matter of charges given or refused, relating only to the question of exemplary damages, if erroneous, could not have injured the plaintiff.

3. *Pleading over, after demurrer sustained; error without injury.* Where the record shows that, after demurrer sustained to a plea or replication, the party had the full benefit of the same matter under an amended pleading, the ruling on demurrer, if erroneous, could have worked no injury, and is not a reversible error.

4. *Abstract charge.*—A charge requested, which is not supported in all of its hypotheses by the evidence, is abstract, and is properly refused on that account.

5. *Struck jury; competency of juror.*—In an action on an attachment bond, a struck jury being demanded (Code, § 2752), a clerk in the employment of another attaching creditor of the plaintiff, on whose bond another suit is pending in the same court, and set for trial on the same day, is not subject to challenge for cause on the ground of bias or prejudice, although it is shown that the two attachments were sued out at the same time, and under the same circumstances; these facts not being sufficient to raise a presumption of disqualifying bias, though sufficient to support a challenge for favor, which would require an investigation by the court into the question of bias as matter of fact.

6. *General objection to evidence.*—A general objection to the admission of a promissory note as evidence, not specifying any particular ground of objection, does not raise the objection that its execution has not been proved.

7. *Burden of proof as to consideration and good faith of conveyance.* The fact that property has been conveyed by a debtor, on the recited consideration of an antecedent debt, raises a presumption of unfairness and bad faith, as between the debtor and his other creditors, and casts on him the *onus* of showing that the sale was fair, and made in good faith; and the proof must be fuller and clearer when the conveyance is made to a relative.

8. *Burden of proof, as to ground for attachment.*—In an action on an attachment bond, the *onus* is on the plaintiff to prove the falsity of the affidavit on which the attachment was sued out.

9. *Charge as to sufficiency of proof.*—When the burden of proof as to the truth or falsehood of an alleged fact is on the plaintiff, he must

[Calhoun v. Hannan & Michael.]

reasonably satisfy the jury in that regard; and the court may instruct the jury, on request, "that if the evidence leaves them confused and uncertain as to its truth or falsity, they must find for the defendant."

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by Joseph C. Calhoun, against Hannan & Michael as partners, with others their sureties; was founded on an attachment bond, and was commenced on the 19th September, 1887. The bond was dated December 20th, 1886, and was conditioned, in the words of the statute, for the payment to the defendant of "all such damages as he may sustain by the wrongful or vexatious suing out of said attachment." The attachment was sued out, on said 20th December, by John E. Michael, a partner of said firm, on the ground that said Calhoun "has fraudulently disposed of his property;" and it was levied on certain real estate in Mobile, including property which said Calhoun had conveyed by deed to his wife some time before, though the deed was not put on record until the day on which the attachment was sued out. The debt claimed by the attaching creditors was $1,671.58, and they obtained judgment in the attachment suit, May 25th, 1887, for $1,731.90. Other attachments were sued out against plaintiff on the same day, by Leinkauf & Son, Cavanagh, Barney & Co., and others, and were levied on the same lands; and the lands were sold, on September 5th, 1887, under writs of *vend. exponas* on these several judgments. John E. Michael became the purchaser at the sheriff's sale, at the aggregate price of $5,345, which paid the several judgments in full, with costs.

The complaint alleged, that the plaintiff had not fraudulently conveyed or disposed of his property, nor committed nor contemplated any fraudulent act whatever, nor done any other act which subjected him or his property to the process of attachment; that the attachment was sued out wrongfully, vexatiously, and maliciously; and he claimed damages on account of the injury to his credit and reputation in business as a commission-merchant, and on account of the sacrifice of his property under the sheriff's sale, and for his attorney's fees and costs in defense of the attachment suit. The defendant pleaded, (1) not guilty, on which plea issue was joined; (2) that sufficient cause existed for suing out the attachment, to which plea a demurrer was sustained; and (3) that John E. Michael, at the time he sued out the attachment, "had probable cause to believe, and in good faith

[Calhoun v. Hannan & Michael.[

did believe, that said plaintiff had then fraudulently disposed of his property, and acted without malice in suing out said attachment." To this 3d plea the plaintiff replied specially, (1) "that before said attachment was sued out, one of the members of the firm of Hannan & Michael, for whose benefit said attachment was sued out, knew that plaintiff had made but one recent conveyance of any part of his property, and had been informed that said conveyance was not fraudulent, and had an opportunity of ascertaining whether the same was fraudulent or not, and knew that John E. Michael was going to sue out said attachment;" (3) "that at the time said attachment was sued out, one of the members of said firm, for whose benefit said attachment was sued out, knew that plaintiff had not then made any fraudulent disposition of his property." To each of these replications the court sustained a demurrer, because the name of the partner who had the alleged knowledge was not stated; and an additional replication was then filed, alleging that Patrick C. Hannan, a member of said partnership, had knowledge of said alleged facts.

On the trial, the defendants having demanded a struck jury, a list of twenty-four persons was furnished to the parties, from which to select the jury. "Before the striking of the jury commenced, the plaintiff challenged one of the twenty-four for cause, and proved to the court, in support of said challenge, that he was a clerk in the employment of Cavanagh, Barney & Co., who had sued out an attachment against plaintiff on the same day, on the same ground, through the same attorney, and under the same circumstances as the attachment sued out by said Hannan & Michael; that said attachments were both levied on the same property; and that he had brought suit on the attachment bond of said Cavanagh, Barney & Co., in said City Court, which suit was now pending, and was set for trial on the same day with the present suit. The court refused to allow the challenge, and put said juror on the *venire;* to which the plaintiff excepted."

The chief point of contention on the trial was as to the *bona fides* and consideration of the conveyance executed by the plaintiff to his wife, under which the defendants justified the suing out of the attachment. This conveyance is not set out in the bill of exceptions, nor is it said to have been produced on the trial; but it is said that it was "written in the summer of 1886, acknowledged several months afterwards, and not put upon the record until the day the attachments

[Calhoun v. Hannan & Michael.]

were sued out." The plaintiff, testifying in reference to it, stated, that the consideration was a debt which he owed his son in 1880, and which the son gave to his mother; that on a settlement between him and his son in 1883, the amount of this indebtedness being ascertained, he executed his note to his wife for the amount, and afterwards, on her request, executed said conveyance in full discharge of the note; that the property conveyed was worth about $10,000; that the conveyance was executed in good faith, without the reservation of any benefit to himself; that he had other property more than sufficient to pay all his debts; that when the debts of Hannan & Michael and Leinkauf & Son were about to fall due, finding that he could not meet them, he submitted to his creditors a proposition for a settlement, giving them a list of his debts and a schedule of his property, which he proposed to convey in discharge of his debts; and that the attachments were sued out before he had received a definite answer to this proposal. The evidence on the part of the defendants tended to show, on the other hand, that the creditors would not accept the proposal because the value of the property he proposed to convey was over-estimated, because he owned other property which he did not include in his proposal, and because his list of creditors included his sons, whose debts the other creditors were not willing to recognize. John E. Michael, one of the defendants, through whom the proposal to the creditors was made by plaintiff, testified that plaintiff, in conversation with him, being asked what was the consideration of the conveyance to his wife, replied, "that it was for a legacy which had been left to her, and which he had spent;" also, that plaintiff, in another conversation with him, "putting his hand on his pocket, said, that he had given his creditors a chance to select their man, but they had failed to do so, and now he had selected his own man, and had the papers in his pocket already drawn up." During the examination of said Michael as a witness he was asked several questions, as to his consultation with an attorney before suing out the attachment, his statements to the attorney, and the attorney's advice, or reply; but the rulings of the court on these questions and answers, which were excepted to, are immaterial in the view taken of the case by this court.

W. H. Leinkauf, one of the defendants, who was a surety on the attachment bond, was introduced as a witness for the defendants, "was shown two notes, which he identified, and

[Calhoun v. Hannan & Michael.]

was asked by defendants, if he held said notes at the time defendants' attachment was sued out. Plaintiff objected to this question, but the court overruled the objection, and allowed the witness to testify that he did have said notes at the time said attachment was sued out. The defendants offered said notes in evidence, and the plaintiff objected to their admission; which objection the court overruled, and plaintiff excepted." The notes were for $750 each, payable to W. H. Leinkauf & Son, and fell due on the 17th December, 1886.

The plaintiff asked the following charge in writing, and duly excepted to its refusal: "If the jury believe from the evidence that John E. Michael, one of the defendants, stated fully and fairly [to an attorney?] all the facts within his knowledge relative to the transaction of the plaintiff, and that such attorney thereupon advised him to sue out an attachment, but did not mean thereby to say that there was probable cause for suing it out, but only that he, if he were acting instead of Michael, would sue out the attachment, and take the chance of being made liable for it; and if the jury further believe from the evidence that said Michael so understood said advice, and that he had no reasonable ground to believe that plaintiff had fraudulently disposed of his property, or was about fraudulently to dispose of it, and that plaintiff did not have money, property or effects, liable to satisfy his debts, which he fraudulently withheld, and that none of said grounds in fact existed,—then the attachment was sued out both wrongfully and vexatiously."

The plaintiff excepted, also, to several charges given by the court at the instance of the defendants, among which were these: (1.) "If the jury believe from the evidence that the plaintiff, while indebted to Hannan & Michael in a part of the amount to collect which they sued out the writ of attachment against his estate, conveyed a large and valuable property to his wife; the presumption is that such conveyance, unexplained, was fraudulent; the burden of showing that it was fair and *bona fide* devolves on the plaintiff, and unless he has reasonably satisfied the jury that it was fair and *bona fide*, they must find for the defendants." (2.) "The burden of proof is on the plaintiff to show the falsity of the affirmation of fraud, upon which the attachment was sued out, and he must reasonably satisfy their minds of such falsity; and if the evidence leaves them confused or uncertain as to the truth or falsity of such charge, they

must find for the defendants." The other charges given at the instance of the defendants, relating to the right of the plaintiff to recover attorney's fees or exemplary damages, require no notice, as they are not considered by this court.

The refusal of the court to allow the challenge of one of the jurors, the several rulings on the pleadings and evidence adverse to the plaintiff, the refusal of the charge asked by the plaintiff, and the giving of the several charges asked by the defendants, are now assigned as error.

GREG. L. & H. T. SMITH, for appellant.—(1.) Knowledge by one partner, or notice to him, charges the partnership with notice or knowledge, and the name of the particular partner is immaterial.—Bates on Partnership, § 390; *Renfro v. Adams*, 62 Ala. 302; 8 Wheat. 668; *Thames v. Jones*, N. C., 1 S. E. Rep. 692. (2.) The clerk of Cavenagh, Barney & Co. was not a competent juror, and the challenge to his competency ought to have been sustained.—*Davis v. Allen*, 11 Pick. 466; *Jeffries v. Randall*, 14 Mass. 405; 8 Cush. Mass. 73; 17 Johns. 403; 10 Excheq. 131; Thompson & M. on Juries, §§ 180, 195-7; *Hubbard v. Rutledge*, 57 Miss. 7. (3.) The court erred in its rulings as to the consultation with an attorney, the statements made to him, and his advice.—*Murphy v. Lawson*, 77 Ill. 172; *Stanton v. Hurt*, 27 Mich. 539; *Ash v. Marlowe*, 20 Ohio, 119; *Hill v. Palm*, 38 Mo. 13; *Sharp v. Johnston*, 59 Mo. 557; 50 How. Pr. 105; 50 Mo. 83; 57 Md. 282. (4.) The charge asked by plaintiff ought to have been given.—*Chandler v. McPherson*, 11 Ala. 918; *McLeod v. McLeod*, 73 Ala. 45, and authorities last above cited. (5.) The notes held by Leinkauf were not relevant to any issue in this case, and, if relevant, were not admissible as evidence without proof of their execution. (6.) The first and second charges given at the instance of defendants were erroneous.—17 Cal. 508; 29 Mo. 259; *Durr v. Jackson*, 59 Ala. 204; *Adams v. Thornton*, 78 Ala. 489; 41 Ala. 40; 38 Ala. 636; 27 N. W. Rep. 333; 57 Ala. 517; 76 Ala. 182; 34 Ala. 90.

WATTS & SON, *contra*.—(1.) As the plaintiff recovered no actual damages, the attachment was not sued out wrongfully; and the several rulings of the court as to the advice of counsel, probable cause, &c., relating only to the question of exemplary damages, are immaterial, being, at most, only error without injury.—73 Ala. 183; 75 Ala. 97. (2.) The

[Calhoun v. Hannan & Michael.]

challenge for cause was not well taken.—9 Car. & P. 480; *Brown v. Wheeler*, 18 Conn. 199. (3.) The proof of indebtedness was relevant, the question of fraud being involved. *Allen v. Hubbard*, 59 Ala. 283. The general objection to the admission of the notes did not raise the question as to the proof of their execution.—*Wallis v. Rhea*, 10 Ala. 451; 57 Ala. 551. (4.) The charge asked by plaintiff was partly abstract, and was properly refused on that account.—*Williams v. Barksdale*, 58 Ala. 288; *Thrash v. Bennett*, 57 Ala. 156; *Brewer v. Watson*, 71 Ala. 299. (5.) The first charge given at the instance of defendants was correct.—62 Ala. 34; 64 Ala. 263; 2 Brick. Digest, 21, § 100; 3 *Ib.* 520, § 173. (6.) As to the correctness of the second charge, see *Durr v. Jackson*, 59 Ala. 203; *Flournoy v. Lyon*, 70 Ala. 308; 61 Ala. 270; 73 Ala. 183.

McCLELLAN, J.—Many of the assignments of error are predicated upon the rulings of the primary court on the sufficiency of pleadings and the admissibility of evidence, having reference solely to the defendant's liability for punitive or exemplary damages. The matters presented by the pleadings in this behalf, and the evidence in support or denial of them, were material only upon the assumption, that none of the statutory grounds for the issuance of the attachment existed, and that the writ was, therefore, wrongful. However malicious and vexatious the suing out of the writ may have been, the plaintiff was not entitled to recover in this action, unless it had been shown its issuance was also wrongful, in the sense of not being based upon some one of the facts which authorize a resort to this extraordinary process.

In determining this primary question of the rightfulness of a resort to the writ, neither the allegations nor proof, in respect to facts which go only in aggravation or mitigation of the act complained of, can exert any legitimate influence in shaping the issue, or on the minds of the jury. There must be an unlawful act, before the good or bad faith with which the act was done can become a material inquiry.—*City Nat. Bank v. Jeffries*, 73 Ala. 183; *Jackson v. Smith*, 75 Ala. 97.

The verdict was in favor of the defendants. This was a determination that the attachment was rightfully sued out. A different finding could not have been reached or justified by a consideration of any conceivable state of pleadings or

proof in regard to malice or vexation. The action of the court on these matters could have had no effect on the verdict; and whatever might have been the conclusion of the jury as to the existence *vel non* of bad faith or recklessness on the part of the plaintiff in attachment, no recovery could have been had. The rulings of the City Court, therefore, on the demurrers to plaintiff's replications, on the admissibility of evidence as to the attachment having been sued out by advice of counsel, on the charge requested by the plaintiff, and on the third, fourth and fifth charges requested by the defendants, which replications, evidence and charges related exclusively to exemplary damages, if erroneous, were without injury to the appellant, and furnish no ground for a reversal of the judgment.—*Foster v. Johnson*, 70 Ala. 249; *Thomason v. Gray*, 82 Ala. 291.

The error, if error there was, in sustaining demurrers to plaintiff's first and third replications to the third plea, is shown to have worked no detriment to the appellant, by the further fact that these replications were redrawn, so as to obviate the infirmity pointed out by the demurrer, again filed, and the benefit of the matters set up by them fully secured to the plaintiff.—*Phœnix Ins. Co. v. Moog*, 78 Ala. 284; *Owings v. Binford*, 80 Ala. 421.

The charge requested by the plaintiff was not supported in all of its hypotheses by the evidence, and the court's refusal to give it may also be justified on this ground. The charge was abstract.—*Williams v. Barksdale*, 58 Ala. 288; 3 Brick. Dig. p. 133, §§ 106 *et seq.*

There was no error in disallowing plaintiff's challenge of the juror, who was an employee of the defendants in another suit brought by the plaintiff in this action, involving the same issues, pending in the same court, and set down for trial on the same day as this case. The facts shown were sufficient to support a challenge for favor, the effect of which is to require an investigation by the court into the question, whether the juror is biased in point of fact; but, of themselves, they are not sufficient to show this, or to raise a disqualifying presumption of bias.—Thompson & Mer. on Juries, 170, 171; *Brown v. Wheeler*, 18 Conn. 199; *Strawn v. Cogswell*, 28 Ill.; *Com. v. Boston R. R. Co.*, 3 Cush. 25.

The objection to the testimony of Leinkauff, as to certain notes purporting to be signed by the plaintiff and another, and to the introduction of the notes themselves in evidence, was too general. If these notes were, what they appeared to

[Hall v. Caperton.]

be on their face, the obligations of the plaintiff, and if they were held by the witness, as he testifies, at the time of the attachment, they were admissible, as showing indebtedness of Calhoun at the date of the writ, which is also shown to have been the time at which the execution of the conveyance by plaintiff to his wife was perfected. The real objection to this testimony lay in the fact that the execution of the notes was not proved. This infirmity was not suggested in the objection actually made, and there was no error in overruling the very general and indefinite objection which was made. *Dyer v. Lewis*, 57 Ala. 551; *Steele v. Tutwiler*, 57 Ala. 113; *Tus. Cot. Oil Co. v. Perry*, 85 Ala. 158.

The fact that property has been conveyed on the recited consideration of an antecedent debt, by one otherwise indebted, raises a presumption of unfairness and *mala fides*, and casts upon the debtor, as between him and creditors who attack the conveyance for fraud, the *onus* of showing that the sale was fair, and made in good faith; and this he must do more fully and clearly, when it is shown, as here, that the conveyance was made to a relative. The first charge given at the request of the defendants was a correct exposition of this principle.—*Pollak v. Searcy*, 84 Ala. 259; *Tutwiler v. Munford*, 68 Ala. 124; *Dudley v. McKiernan*, 62 Ala. 34; *Garrett v. Garrett*, 64 Ala. 263.

The burden of proof being on the plaintiff to show the falsity of the affidavit in respect to the ground alleged for the issuance of the attachment, he must reasonably satisfy the minds of the jury in this regard. Manifestly, if their minds are left in a state of confusion and uncertainty on this point, the plaintiff has failed to make out this very essential part of his case, and can not recover. The second charge given at the request of defendants was, therefore, when referred to the evidence, free from error.—*Durr v. Jackson*, 59 Ala. 203.

Affirmed.