(121 So. 404)

**BROWN v. WOOLVERTON et al.**
**(6 Div. 919.)**

Supreme Court of Alabama.   Nov. 15, 1928.

Rehearing Denied March 28, 1929.

114

Altman, Taylor & Koenig, of Birmingham, for appellant.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, and Brewer Dixon, of Talladega, for appellees.

FOSTER, J. For the purpose of selecting the jury to try this case 24 jurors were brought into court, and plaintiff's counsel questioned them at length as to their connection with defendants' insurance carrier, and with any other such carrier, and their business affairs generally. It developed that one juror (Drake) was a partner with another who conducts a general real estate and insurance business, including casualty coverages of the nature involved in the pending case; that such partnership had no connection with the coverage in question nor the carrier covering the risk; that said partnership had been joined in a suit in the circuit court of Jefferson county with another in a case in which they acted as agents for the other, and were sued by reason of that fact; that W. H. Woolverton, one of the defendants, as a member of the firm of Haley, Woolverton & Haley, had been employed by the principal defendant, and on that account the partnership of which Drake was a member had likewise employed them to defend their interest in the case; that, the firm were not regular counsel for the partnership, but employed in this instance because they represented the principal defendant; that said cause was still pending in said court; that said defendant W. H. Woolverton was engaged in the general practice of law, and sometimes examined abstracts in which said Drake's firm had some connection; that in selecting the jury to try this case, appellant's counsel struck Drake's name first off the panel. Before striking the jury, appellant challenged Drake for cause; the court overruled the challenge and held that the juror was not disqualified; and plaintiff excepted and assigns the ruling for error.

█ The fact that appellant struck the name of the juror as the panel was being struck does not deprive him of the right to review this action of the court. Birdsong v. State, 47 Ala. 68; Smith v. State, 55 Ala. 1; Dothard v. Denson, 72 Ala. 541.

█ The important question presented and argued is whether or not the court erred in not sustaining appellant's challenge of the juror Drake on account of the facts set out above. "At common law the grounds for challenge were classified under four

heads, as follows: (1) propter honoris respectum; as, if a lord of Parliament be impaneled on a jury, he may be challenged by either party, or he may challenge himself; (2) propter defectum; as if a juryman be an alien born, this is defect of birth; (3) propter affectum, as for suspicion of bias or partiality—this may be either a principal challenge, or to the favor; (4) challenges propter delictum are for some misdemeanor or crime which affects the juror's credit and renders him infamous, as for conviction of treason, felony, perjury, or conspiracy. A challenge propter affectum is of two kinds: a challenge to the favor and for principal cause." 16 R. C. L. 254. The common-law grounds as far as applicable to our system and not changed by statute remain for our guidance. Our statute has added certain grounds of challenge for cause, but they are not exclusive of the common law remaining unchanged. Section 8610 et seq., Code; Birdsong v. State, supra; Smith v. State, supra; Harris v. State, 177 Ala. 17, 59 So. 205; Citizens' L. H. & P. Co. v. Lee, 182 Ala. 561, 62 So. 199; Biggs v. State, 20 Ala. App. 449, 103 So. 706. To justify a challenge for principal cause there must be a statutory ground, or some matter which imports absolute bias or favor, and leaves nothing for the discretion of the court. 16 R. C. L. 255. "Competency under a statute (or for principal cause at common law) is a question of law, but in other cases is a question of fact, or a mixed question of law and fact, to be determined by the trial court in the exercise of a sound discretion, and its decision will not be interfered with, unless clearly shown to have been abused." 35 C. J. 312.

A challenge for favor or bias is to be determined by the trial court as any other question of fact, tried without a jury, and is reviewable on like principles. 35 Corpus Juris, 312, 403, 404; 16 R. C. L. 279, 282, 288; Calhoun v. Hannan, 87 Ala. 277, 6 So. 291; Larkin v. Baty, 111 Ala. 303, 307, 18 So. 666. The decision of the trial court on such question founded on oral evidence is entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion. 35 Corpus Juris, 404, 405; 16 R. C. L. 289.

There is no statute in Alabama, nor rule of common law, which makes a juror subject to challenge for principal cause, for the reason that he had employed a party to the suit as an attorney in some other case in court, or that the juror was engaged in a business similar to that involved in the pending controversy. Such matters do not import absolute bias or favor.

The question therefore was whether the facts shown proved favor or bias in fact. That was heard and determined against appellant on oral evidence. We are not willing to hold that the inference drawn by the trial judge was erroneous.

The citations of counsel for appellant may be reconciled with the foregoing theory of the law. There was either a statute which applied in each of them, or the court found as a fact that there was favor or bias.

Charges 11 and 13, given at the instance of appellees, are separately assigned for error. The contention is that they left to the jury the decision of a question of law, to wit, the meaning of "due care." In the case of Sprinkle v. St. L. & S. F. R. Co., 215 Ala. 191, 110 So. 137, this court, referring to "due care," states: "The failure to exercise due care, under circumstances imposing the duty to do so, is in itself actionable negligence, and it is not necessary to further characterize such omission as negligent." The failure to use due care is equivalent to a charge of negligence. 9 Corpus Juris, 1288, 1289. The court in its general charge defined simple negligence as being a breach of ordinary care or reasonable care. Due care is their equivalent. This court has held that it is not error to use the words "ordinary care" and "reasonable care" in special charges to the jury. Reed v. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237. The jury should be informed as to the meaning of negligence when that is the foundation of a complaint or plea. The court may assume, however, that the jury will understand that a want of "due care," "ordinary care," or "reasonable care," given in special charges, is equal to negligence. If plaintiff deemed them misleading, an explanatory charge should have been requested. Reed v. Hammel Dry Goods Co., supra. There was no reversible error in giving these charges.

Charge 12 does not state the law incorrectly. If involved and misleading, as contended, it should have been cleared by a charge for plaintiff. Reed v. Hammel Dry Goods Co., supra.

We are of the opinion that there was no error in allowing the question and answer to one of appellees to which exception was taken and argued by counsel. It called for the statement of a fact and not an opinion or conclusion.

We hold there was no error of which appellant has complained.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, J. There are occasional expressions in the books similar to that in Brazleton v. State, 66 Ala. 96, 98, that: "The master is not a qualified juror for the trial of his servant, nor the *attorney for his client*." Profatt on Jury Trial, § 177;

116

Thompson and Meriam on Juries, § 170; Brown v. Wheeler, 18 Conn. 199; 35 C. J. 321; 1 Thompson on Trials, § 59.

No case or authority has been cited where there is detailed the situation between the attorney and client, or where the expression was pertinent. The statements are all abstract, and have no direct bearing on the case under consideration. It is obscure (even) whether the relation referred to has reference to employment as attorney in the pending cause or not. Undoubtedly some relations of attorney and client should be found by the court to import such favor as to disqualify the client as a juror when the attorney is an interested party. This ought to be so held, perhaps, when the relation is general in its nature, or recurrent to a large extent, so that a repetition of such employment is mutually contemplated as occasion arises; each case dependent upon its own circumstances, as furnishing such evidence of favor for the attorney (party to the suit), or bias to the other party, by the client, as would be sufficient to disqualify the client.

We, of course, recognize and approve statements in many authorities requiring the removal from the jury of all conditions reasonably tending to show favor or bias. But, as we pointed out in the original opinion, except for a common-law principal cause or a statutory disqualification, it is a question of fact dependent upon the circumstances of each case. This was referred to in the case of Calhoun v. Hannan, 87 Ala. 277, 284, 6 So. 291, where the juror was an employé of defendants in another suit by the same plaintiff, involving the same issues, and set down for trial on the same day. It was said in the course of the opinion: "The facts shown were sufficient to support a challenge for favor, the effect of which is to require an investigation by the court into the question whether the juror is biased in point of fact; but, of themselves, they are not sufficient to show this, or to raise a disqualifying presumption of bias."

In the case at bar, the attorney, defendant, was not regularly, or repeatedly, employed by the client juror. Such employment related to one case, and this came about, not because the client had any special preference for the attorney, but because the attorney had been employed by the principal defendants in the case; the juror being sued as incidental to the main liability (if any) of the principal. No other circumstance of favor or bias is shown. As stated in our former opinion, we agree with the circuit court, in the language of Calhoun v. Hannan, supra, that such fact is "not sufficient to show this [bias], or to raise a disqualifying presumption of bias."

It is our conclusion that the application for rehearing should be and is overruled.

Application for rehearing overruled.