45 So.2d 13

## DECATUR TRANSIT v. JENNINGS.
### 8 Div. 514.

Supreme Court of Alabama.
March 2, 1950.

Eyster & Eyster, of Decatur, for appellant.

Sherman B. Powell, of Decatur, for appellee.

FOSTER, Justice.

Appellee obtained a judgment in the circuit court against appellant, from which this appeal is taken.

The only questions argued by appellant's counsel are whether he was entitled to the affirmative charge or, if not, whether his motion for a new trial should have been granted because the verdict was contrary to the great weight of the evidence.

Appellee was injured in a collision which occurred shortly after midnight as she was traveling south in a taxicab on Ferry Street in Decatur. Appellant was the owner of the taxicab, which was then being operated by his agent and appellee was a passenger. She was a nurse in a clinic and was on her way home, having been just released from duty. There were four

other passengers in the taxicab. As Ferry Street extends south it is crossed by Cain Street at a prominent corner in front of the courthouse. The collision occurred between the taxicab and a Pontiac which was traveling from west to east across Ferry Street. Appellee was on the right side of the front seat. There was a conflict as to which car struck the other. But the impact caused them both to skid across Ferry Street and turn so as to face north and along the curb on the east side of the street. There was also conflict as to the rate of speed each car was traveling. It was misting rain and the street was wet. Ferry Street is a through street or boulevard and, on Cain Street along which the Pontiac was traveling, there was a "stop" sign on the right before entering Ferry Street, but not a "stop" sign on Ferry Street entering Cain Street.

Appellee testified the taxicab was traveling down grade on Ferry Street at a rate of fifty to fifty-five miles an hour (this was corroborated by Sapp, the driver of the Pontiac); that the Pontiac was traveling slowly at about twenty miles an hour and had stopped at the "stop" sign and that the Pontiac struck the cab at the door on her side. She was badly injured.

The Pontiac was occupied by two men, one of whom (Sapp) was driving: the other man (Hill who owned the Pontiac) was sitting by him. They both testified that the Pontiac was stopped at the sign; that they looked for approaching cars on Ferry Street and seeing none went across at a slow speed of about twenty miles an hour, and the taxicab came down Ferry Street traveling rapidly; which Sapp testified was about fifty miles an hour and struck the Pontiac and caused the damage. That they did not see the taxicab until it was right on them.

The driver of the taxicab and three of the other passengers testified that the taxicab was traveling at about twenty to twenty-five miles an hour and that the Pontiac ran upon the taxicab without stopping at the sign and at about forty-five to fifty miles an hour and struck the taxicab, knocked it around and both skidded to the east side of and down Ferry Street.

There is no complaint made as to the amount of the verdict, but only that the negligence of the driver of the Pontiac was the sole proximate cause of the collision without negligence on the part of the driver of the taxicab proximately contributing to it.

■ . Of course it is recognized that if negligence of the driver of the taxicab proximately contributed to the accident appellant would be liable, although negligence on the part of the driver of the Pontiac also proximately contributed to it.—Chambers v. Cox, 222 Ala. 1, 130 So. 416; Morgan-Hill Paving Co. v. Fonville, 218 Ala. 566(17), 119 So. 610. The court in substance so charged the jury, with no contrary contention now being made.

But it is insisted that the physical facts show that the version of the driver of the Pontiac cannot be true. This because if he stopped near the "stop" sign he could see up Ferry Street to the top of the hill, some two hundred and sixty-four feet, with no obstructions, and if he had looked he would have seen the headlights of the taxicab coming, which he says he did not see though he looked. That if the taxicab had been traveling at fifty miles an hour and had hit the Pontiac, the impact would have turned the latter around toward the west side of Ferry Street and not the east side.

■ We think the jury could very well find as more consistent with the result that both were traveling rapidly. If the taxicab was traveling slowly and the Pontiac rapidly, the tendency would be to shove the taxicab around more nearly in the center of Cain Street where the collision occurred without them both proceeding as far as they did south on Ferry Street and stopping further south of the point of collision. The jury by their experience and observation might have found that the rapid speed of the taxicab in contact with the rapid speed of the Pontiac caused them to skid in a diagonal line and in a more southerly direction than if the taxicab had been traveling slowly. It is sometimes dif-

ficult to reproduce in the imagination an accident by observing the results of it. Sometimes they produce results which experience teaches are so unusual as not to be believable. But when juries and courts weigh conflicting evidence, the probabilities are important considerations. If the jury reached the conclusion that both cars were traveling at say fifty miles an hour, we would not be disposed to hold that such conclusion was contrary to the great weight of the evidence. On the other hand, we think the physical facts support that as the most probable conclusion as to how the accident occurred. Having reached that conclusion, the jury could find that the Pontiac did not stop at the sign and that its driver was negligent.

 But the taxicab, a public carrier, owed a high degree of care to its passengers. Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881; Mosley v. Teche Lines, 232 Ala. 110, 166 So. 800; 4 Alabama Digest, Carriers, ⊕280(1). It is not an insurer, and may (up to a certain point) assume that others will observe the law. Holman v. Brady, 241 Ala. 487, 3 So.2d 30; Tindell v. Guy, 243 Ala. 535, 10 So.2d 862; Johnston v. Weissinger, 225 Ala. 425, 143 So. 464. But it must not take dangerous risks when not necessary or proper as the best course to pursue. The taxicab was on a through street about midnight traveling down grade on a wet paved roadway toward an important intersection. No precise speed rate or even limit is specifically fixed so far as we know. See, section 5, Title 36, Code. The pictures sent up as exhibits show that it was a populous location. Whether the speed observed was negligent was a jury question. McCaleb v. Reed, 225 Ala. 564, 144 So. 28.

■ We think the jury could find that traveling at such a speed as fifty miles an hour by the taxicab at the place and on the occasion was not an exercise of the care which the taxicab driver owed the passengers, and that if such was the speed it was a proximate contributing cause of the collision and injury to plaintiff.

■ This case does not come within the principle of Roberts v. Louisville & Nash-

ville R. Co., 237 Ala. 267, 186 So. 457. If the taxicab had been running slowly, as the driver of it contends, the jury could infer that he would probably have seen the Pontiac rapidly approaching and have stopped the taxicab short of the collision. The taxicab running at the rate of twenty miles an hour could be stopped without danger in a short space. The taxicab driver could not continue to indulge the assumption that the Pontiac would stop at the sign and not go across the street ahead of the taxicab beyond the time when the contrary was apparent. Johnson v. Louisville & Nashville R. Co., 227 Ala. 103(7), 148 So. 322; Alabama Great Southern R. Co. v. Bolton, 242 Ala. 562 (3 and 4), 7 So.2d 296; Randle v. Birmingham, Railway, Light & Power Co., 158 Ala. 532, 48 So. 114.

The foregoing discussion leads us to the conclusion that appellant was not entitled to the affirmative charge nor to have a new trial on the ground that the verdict was contrary to the great weight of the evidence. The judgment therefore must be affirmed.

Affirmed.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.