61 So.2d 98

**DITSCH v. BAGGETT TRANSP. CO., Inc. et al. (two cases).**

6 Div. 252, 253.

Supreme Court of Alabama.

Oct. 23, 1952.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

PER CURIAM.

In the early afternoon of August 5, 1948, at a point approximately five miles west of the city of Anniston on U. S. Highway 78, there was a collision between an automobile owned by Miss Patricia Ditsch, which was being driven by her mother, Mrs. Hazel Ditsch, and a truck driven by Ralph Copeland while acting within the line and scope of his employment as an agent, servant or employee of Baggett Transportation Company, Inc. Miss Patricia Ditsch, the owner of the automobile, was not in it at the time of the collision.

Mrs. Hazel Ditsch brought suit in the circuit court of Jefferson County against Baggett Transportation Company and Ralph Copeland to recover damages for personal injuries. Miss Patricia Ditsch also brought suit in the same court against the same defendants to recover for damages to her automobile. The two cases were consolidated and tried together under the statute which authorizes circuit courts in counties of 300,000 or more population to consolidate pending cases of like nature. § 221, Title 7, Code 1940.

The trial resulted in separate verdicts in favor of the defendants. Separate judgments followed the verdicts. Plaintiffs filed their motions for new trial. Such motions being overruled, the plaintiffs separately appealed to this court. The appeals were consolidated and were submitted here on one record, but with separate assignments of error.

The appeal of Mrs. Hazel S. Ditsch is our 6 Div. 252 and that of Miss Patricia S. Ditsch is our 6 Div. 253.

The only error assigned in 6 Div. 252 is as follows:

"1. The Trial Judge (Honorable J. Edgar Bowron) erred in giving to the jury at the request of the defendants the defendants' requested written charge No. 57, reading as follows:

" '57. The Court charges you that if you believe the evidence in this case, Mr. Copeland was not exceeding the speed limit as a matter of law.' and in writing thereon the words 'Given, Bowron, Judge'."

In 6 Div. 253 the only assignment of error reads as follows:

"1. The Trial Judge (Honorable J. Edgar Bowron) erred in overruling appellant's motion for new trial (Tr. pp. 33–36) based upon Ground 7 thereof, reading as follows:

" '7. For that the said verdict is not sustained by the great preponderance of the evidence in the case.' (Tr. p. 34.)"

In brief filed here on behalf of the appellants, counsel define the issues presented here as follows:

"There is but one question for decision raised in each of the two cases here on appeal. However, the question in each case is not common in both. In the personal injury case (19542-X in the Court below) wherein Mrs. Hazel Ditsch is here the appellant and Baggett Transportation Company and another, the appellees, there is the single question of whether a written charge requested by the defendants and given by the Court below constitutes error to reverse. In the property damage case (19543-X in the Court below) wherein Miss Patricia Ditsch is here the appellant and Baggett Transportation Company and another, the appellees, the sole question is the correctness *vel non* of the Court below in overruling the motion for a new trial because of the verdict therein being contrary to the great preponderance of the evidence."

Although these two cases were tried together on the same evidence, it appears that written charge No. 57 was requested by the defendants only in the case in which Mrs. Hazel S. Ditsch was plaintiff and was not requested or given in the other case; hence the giving of that charge was not assigned as error on the appeal of Miss Patricia S. Ditsch, our 6 Div. 253.

It appears from brief filed on behalf of the appellants that the reason for not assigning as error the action of the trial court in overruling the motion for a new trial in the case wherein Mrs. Hazel S. Ditsch was plaintiff and in making such an assignment in the case wherein Miss Patricia S. Ditsch was plaintiff is that in the suit by Mrs. Hazel S. Ditsch the question of the contributory negligence of the plaintiff was involved, but that no such question was involved in the suit by Miss Patricia S. Ditsch.

We will consider first the appeal of Miss Patricia S. Ditsch, our 6 Div. 253, wherein, as before shown, the only question presented is whether the trial court erred in overruling the ground of her motion for a new trial to the effect that the verdict was not sustained by the great preponderance of the evidence.

For the purposes of this appeal, we will consider the highway on which the parties were traveling as running true east and west. On the north side of the highway approximately five miles west of Anniston is situated Canter's Service Station. The truck which defendant Copeland was driving was moving in an easterly direction toward the freight terminal in Anniston, when it moved from the south lane of the highway across the north lane onto the premises of Canter's Service Station, where the truck was stopped and the driver put water into the radiator. The Ditsch automobile was also moving in an easterly direction from Birmingham toward Anniston. After putting water into the radiator of the truck, Copeland drove from the premises of the service station onto the highway to continue his trip to Anniston. The truck was proceeding toward the south lane of the highway at a speed estimated by the witnesses at from three to twenty-five miles an hour. When Mrs. Ditsch tried to pass on the right of the truck, the left rear fender of the automobile she was driving and the front bumper on the right side of

the truck came into contact, and as a result the Ditsch automobile was caused to turn over. The speed at which the Ditsch automobile was traveling was estimated at from forty-five to seventy miles an hour. The evidence as it relates to the position of the truck in the road at the time of the collision is in sharp conflict.

The evidence tends to show that the horn of the Ditsch automobile was sounded as it approached the point of the collision, although the driver of the truck stated that he did not hear it. Pictures of the scene of the accident and the road as it leads to that point were introduced in evidence. The driver of the truck testified that before entering the highway from the premises of the service station he looked back and did not see the Ditsch automobile approaching, but stated that after getting onto the highway and before straightening up his vehicle on the south lane thereof, he was unable to see the roadway to the west because of his trailer.

■ Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Smith v. Smith, 254 Ala. 404, 48 So.2d 546. After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, supra.

■ We come now to consider the appeal of Mrs. Hazel S. Ditsch, our 6 Div. 252.

The trial court orally charged the jury in part as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due

regard to the traffic, surface and width of the highway and of any other conditions then existing and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb, or property of any person."

No exception was noted, as this was taken from subsec. (a), § 5, Title 36, Code 1940, which section relates to restrictions as to speed on highways.

The rule of our cases construing that section is that whether a certain speed is unlawful or not depends upon the conditions existing, so that the speed shall not be dangerous or unsafe. McCaleb v. Reed, 225 Ala. 564, 144 So. 28; Streetman v. Bowdon, 239 Ala. 359, 194 So. 831; Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516. The court's oral charge was in all respects in conformity with that rule.

■ At the conclusion of the oral charge, the trial court, as is customary when written charges are requested, stated to the jury, in effect, that it was giving certain written charges which had been requested, which charges "are correct statements of law and are to be taken by you along with the Court's oral instructions."

Among the written charges then given was No. 57, requested by the defendants in the case in which Mrs. Hazel S. Ditsch was plaintiff. As before shown, the court's action in giving this charge is the only assignment of error made by Mrs. Ditsch.

Counsel for Mrs. Ditsch contend that the giving of the charge constitutes error to reverse for the following reasons: (1) Because it amounts to the general charge as to whether Copeland, the driver of the truck, was complying with the speed regulations of the state; (2) because it took away from the jury the right of Mrs. Ditsch to have the jury consider one of her important theories of liability, namely, whether the truck should have been moved at all under the existing conditions; (3) because it was in conflict with the oral charge of the court; and (4) because it was necessarily misleading.

In giving charge No. 57 the trial court probably construed it as merely stating that the speed at which the truck was moving

at the time and place of the collision was not violative of any arbitrary speed limit fixed by statute. But in our opinion the charge as framed was in conflict with the oral charge of the court, invasive of the province of the jury, and in effect the affirmative charge for the defendants on the question of the lawfulness of the speed of the defendants' truck at the time of the collision.

All of the Justices are of the opinion that the judgment rendered in the case in which Miss Patricia S. Ditsch was plaintiff, our 6 Div. 253, should be affirmed. It is so ordered.

Affirmed.

All the Justices concur.

In 6 Div. 252 a majority of the Justices are of the opinion that because of the trial court's action in giving written charge No. 57 at the request of the defendants below, the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN, SIMPSON, and GOODWYN, JJ., concur.

FOSTER, LAWSON, and STAKELY, JJ., dissent.

LAWSON, Justice (dissenting).

I think that Charge 57 might well have been refused because of misleading tendencies, but I cannot agree, after an examination of the entire cause, that the giving of this charge has probably so injuriously affected substantial rights of the appellant Hazel S. Ditsch as to require a reversal of the judgment. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix; Eberdt v. Muller, 240 Wis. 341, 2 N.W.2d 367, 3 N.W.2d 763. If the appellant, Mrs. Hazel S. Ditsch, deemed this charge misleading, an explanatory charge should have been requested. Brown v. Woolverton, 219 Ala. 112, 121 So. 404, 64 A.L.R. 640; Smith v. Lilley, 252 Ala. 425, 41 So.2d 175. I am of the opinion that the judgment rendered in 6 Div. 252 should be affirmed.

I am authorized to state that Justices FOSTER and STAKELY concur in these views.