70 So.2d 790

### LEWIS v. STATE ex rel. BAXLEY, Sol.

#### 4 Div. 766.

Supreme Court of Alabama.

March 4, 1954.

Halstead & Whiddon, Headland, J. N. Mullins, Dothan, for appellant.

Si Garrett, Atty. Gen., Arthur Joe Grant, Asst. Atty. Gen., Keener Baxley, Circuit Sol., W. G. Hardwick, Dothan, for appellee.

MERRILL, Justice.

The appellant, Mr. Lewis, was brought into court by quo warranto proceedings by the State under Title 7, § 1136, Code of 1940; the State contending that the appellant had intruded into the profession of treating or offering to treat diseases of animals, or the practice of Veterinary Medicine without having obtained a license or permit from the Alabama Veterinary Medical Examining Board, as required by §§ 312–322 of Title 46, Code of 1940. The appellant demanded a trial by jury and the jury found the issue in favor of the State. The court entered an order enjoining or prohibiting appellant from practicing Veterinary Medicine and this appeal is from that judgment.

The following is copied from the record: "During the process of qualifying the jurors impannelled for the September 28th term of Circuit Court, the Court asked counsel for the parties to the suit if they desired to ask any questions and Mr. Hardwick, special counsel for the State of Alabama, made the following inquiry:

."Mr. Hardwick:

"Q. Have any of you had Mr. Lewis treat any animals for you? A. (Six of the jurors replied in the affirmative).

"Q. Will the fact that Mr. Lewis has treated your animals for you influence your verdict in this case should you be chosen to serve on the jury which hears the case? A. (All six of the jurors replied in the negative).

"Q. Have any of you gentlemen (addressing entire venire), any knowledge of this case which would, independently of the evidence coming from the witness stand, prevent you from rendering a fair and impartial verdict based on the evidence and the law? A. (All answered in the negative).

"Q. Have any of you gentlemen, since your selection to serve as a juror been approached by anyone in an attempt to influence your verdict in this cause and if you state you have, state whether or not by reason of having been approached you would not render a fair and impartial verdict? A. (All answered in the negative to the first question).

"Mr. Hardwick: We make a motion that the six jurors who had Mr. Lewis, to treat their animals, be excused from serving as jurors in this case.

"The Court: The motion is granted.

"Mr. Halstead: If your Honor please, we object to the ruling of the Court and as grounds for our objections assign that these parties were summoned as jurors in the case, they were examined and under oath stated that they were not prejudiced by any knowledge they had in regard to the case and the facts. That they were qualified to render a true verdict on the facts as brought out on the witness stand and furthermore, it is not shown that any services rendered to these jurors were in violations of the law and such services as were rendered, we say, were not of a nature and kind that is not permitted under the law.

"The Court: Anything else, Mr. Mullins?

"Mr. Mullins: We assign further grounds that the matter inquired about by

special counsel for the State and the answers given to the inquiry by each and every juror, separately and individually and severally, shows that it is not within the purview of the issues in this case.

"(The six jurors were excused from serving as jurors at this trial.)"

· Appellant's only argued assignment of error is that the trial court erred in granting the motion that the six jurors who had Mr. Lewis to treat their animals be excused from serving as jurors in the case.

■ The mere fact that certain grounds are set forth in the code for the challenge of jurors for cause, Title 30, § 55, does not prevent the exclusion of jurors for cause existing under the common law. Mullis v. State, 258 Ala. 309, 62 So.2d 451; Alabama Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782.

In City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728, we said:

"It is sufficient to say that a trial court should excuse a juror when he is shown to be an unsuitable person to serve; in discharging the duty of passing on the qualification of jurors there should not be an arbitrary exercise of that power, but should be 'apparently for a good purpose in the interest of justice.' And where that duty is thus exercised by a trial court, such action will not be reviewed. (Citing cases.)"

In Brown v. Woolverton, 219 Ala. 112, 121 So. 404, 406, 64 A.L.R. 640, the Court said:

"* * * To justify a challenge for principal cause there must be a statutory ground, or some matter which imports absolute bias or favor, and leaves nothing for the discretion of the court. 16 R.C.L. 255. 'Competency under a statute (or for principal cause at common law) is a question of law, but in other cases is a question of fact, or a mixed question of law and fact, to be determined by the trial court in the exercise of a sound discretion, and its decision will not be interfered with, unless clearly shown to have been abused.' 35 C.J. 312.

"A challenge for favor or bias is to be determined by the trial court as any other question of fact, tried without a jury, and is reviewable on like principles. 35 Corpus Juris, 313, 403, 404; 16 R.C.L. 279, 282, 288; Calhoun v. Hannan, 87 Ala. 277, 6 So. 291; Larkin v. Baty, 111 Ala. 303, 307, 18 So. 666. The decision of the trial court on such question founded on oral evidence is entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion. * * .* "

In 31 Am.Jur., "Jury," § 142, p. 664, we find:

"It was anciently the doctrine of English law that jurors were to render their verdict on facts within their personal knowledge, and not, as under modern law, on the evidence in court; thus, the jurors were taken from the vicinage, since they as neighbors, were supposed to know more about the material facts in the case. Under the modern doctrine, however, it is the witness and not the jurors who are required to have personal knowledge of the facts, and those who have such knowledge of the facts of the case as will tend to bias their opinion are incompetent to sit as jurors therein even where they swear that they are unbiased. Whether a juror's knowledge is likely to bias him is a question addressed to the sound discretion of the court, and if the inference is strong, or the presumption great, that the knowledge on the part of the juror is such as will· affect the verdict, a challenge for cause should be sustained. But a knowledge on the part of a juror of incidental or collateral facts, or facts about which there is no controversy, will not render him incompetent to sit in the trial of a case. * * *."

■ We cannot say that the trial court in granting the motion and excusing the jurors committed reversible error .or that it was in any way an abuse of discretion, because the excused jurors had· personal knowledge of the fact in issue in the case.

The judgment of the lower court is, there-
fore, due to be affirmed.

Affirmed.

LAWSON, SIMPSON and STAKELY,
JJ., concur.