112 So.2d 463

**BROWNELL–O'HEAR PONTIAC COMPANY, Inc.,**

v.

**Lewell TAYLOR, pro ami.**

**6 Div. 266.**

Supreme Court of Alabama.

May 21, 1959.

London, Yancey, Clark & Allen, Geo. W. Yancey and Jas. E. Clark, Birmingham, for appellant.

Hal W. Howard and D. G. Ewing, Birmingham, for appellee.

STAKELY, Justice.

This is a suit instituted by Lewell Taylor, a minor who sues by his next friend, Leofice Taylor, against Brownell-O'Hear Pontiac Company, Inc., Ralph W. Ritchie, W. L. Montgomery and Crawford Johnson & Company, Inc., as defendants, for damages alleged by the plaintiff to have been suffered by him in an automobile accident on October 12, 1952. It is alleged that the plaintiff at the time of the accident was a minor under the age of seven years and that on that date he was injured as a proximate consequence of the negligence of the defendants in the operation and control of a motor vehicle at a certain point on Second Avenue, North, between Seventh and Eighth Streets in the City of Birmingham, Alabama.

When the case came on for trial all the defendants were stricken except Brownell-O'Hear Pontiac Company. On the first trial, the jury being unable to agree, there was a mistrial. The case came on for trial the second time and the jury returned a verdict in favor of plaintiff against the defendant in the sum of $7,500. On motion for a new trial the verdict of the jury and the judgment of the court thereon was set aside and an appeal resulted in which the ruling of the lower court was affirmed. See Taylor v. Brownell-O'Hear Pontiac Company, Inc., 265 Ala. 468, 91 So.2d 828.

Later on the cause was again reached for a third trial on the same pleadings, namely, plaintiff's complaint charging simple negligence as proximately causing his injury, to which defendant pleaded the general issue in short by consent. On this trial the jury returned a verdict in favor of the plaintiff and against the defendant for the sum of $10,000 and judgment was rendered by the court thereon. There was a motion for a new trial, which the trial court overruled. This appeal followed.

Tendencies of the evidence showed substantially in part the following: On the day of the accident the plaintiff, a small boy five years of age, was attending a kindergarten which was then being operated and had been operated for approximately fifteen years or more prior to the accident in the basement of a brick church called Mt. Calvary Baptist Church. He had been allowed to leave the kindergarten by the teacher at lunch time to go home and get some money to pay for his lunch. The accident occurred at 11:30 A.M., the lunch hour being from 11:30 A.M. to 12:30 P.M. At the time of the accident there were about thirty-five to forty pupils attending this school. All were little tots between the ages of three and six years. The accident happened on October 12, 1951, on Second Avenue, North, in the City of Birmingham, Alabama, between Seventh and Eighth Streets. Second Avenue runs generally east and west in the City of Birmingham. At the time of the accident defendant's driver was operating its

automobile traveling in an easterly direction on Second Avenue. It was conceded that the car of the defendant was driven at a speed between twenty-five and thirty miles per hour. As the car approached the buildings located at 717 and 719 Second Avenue on the south side of Second Avenue, the plaintiff came from behind a truck which was parked in front of the building located at 719 Second Avenue and out into the path of the automobile driven by the defendant's agent. The automobile struck the boy, causing the injuries sued for. The building located on the south side of Second Avenue and described as No. 717 was fifty and one-half feet wide, extending right up to the sidewalk. The building No. 719 was twenty-three and one-half feet in width and extended nearly, if not, flush to the paved portion of the sidewalk.

After the court had charged the jury and the jury had deliberated for some time, the jury returned to the courtroom and requested further instructions from the court as to the city ordinance governing the speed limit at the time and place of the accident. When this occurred the trial judge furnished the jury with a copy of Ordinance No. 850-F amending § 1239 of the General City Code of Birmingham of 1944. Subdivision (a) of the ordinance appears to be almost identical with subdivision (a) of § 5, Title 36, Code of 1940. Likewise subdivision (b) of the ordinance and subdivision (b) of § 5, Title 36, Code of Alabama of 1940, appear to be almost identical. This ordinance was taken back into the jury room and was with the jury during the remainder of its deliberations. The court also on this occasion gave at the request of the plaintiff written charge No. 20, which is the basis of appellant's assignment of error No. 14. We set out charge No. 20 as follows:

"20. The court charges the jury that, if you are reasonably satisfied from the evidence in this case that the automobile, which collided with the plaintiff, Lewell Taylor, at the time and place testified about, was traveling at a rate of speed in excess of twenty miles per hour at the time the driver of said automobile first saw the plaintiff shortly before said collision while said automobile was approaching the place of said collision and during the time it traveled the last 40 feet before said collision, said automobile was then and there being operated in violation of the law of the City of Birmingham, Alabama, governing the speed of such automobile at such time and place and said violation of said law was negligence within itself on the part of the driver of such automobile and, if the jury is further reasonably satisfied from the evidence in this case that the plaintiff suffered or sustained any of the injuries and damages claimed in his complaint as last amended in this case as the direct or proximate result of such negligence, the plaintiff is entitled to recover and your verdict should be for the plaintiff."

The foregoing ordinance sets forth under subsection (a) through subsection (c) certain speed limitations. Subsection (a) makes it unlawful for any person to drive any vehicle upon any street in the City of Birmingham at a rate of speed greater than thirty miles an hour, subject to certain exceptions which are not involved in the case here. Subsection (b) provides that it shall be prima facie lawful for the operator of a vehicle to drive the same at certain speeds under certain conditions and subject to the provisions of subsection (a). These "prima facie" lawful speeds in the City of Birmingham range from fifteen miles per hour in school zones and at blind intersections to twenty miles per hour on any street in the business district where traffic is controlled at intersections by traffic officers or stop and go signals, and up to twenty-five miles per hour in a residence district. Subsection (c) states that it shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations herein mentioned.

The appellee takes the position that the violation of a state statute or city ordinance

constitutes negligence as a matter of law and, therefore, the giving of Charge 20 was proper. In support of this position the appellee cites the following Alabama authorities: Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Alabama Lumber & Building Material Ass'n v. Mason, 230 Ala. 168, 160 So. 232; Newell Contracting Co. v. Berry, 223 Ala. 111, 134 So. 868; Cooper v. Agee, 222 Ala. 334, 337, 132 So. 173; Dowdell v. Beasley, 17 Ala.App. 100, 82 So. 40.

We consider, however, that the fallacy in the position of appellee is that sufficient consideration is not given to the particular ordinance involved in this case. The effect of Charge 20 is a general affirmative instruction in favor of the plaintiff to the effect that the operation of the automobile at a speed in excess of twenty miles per hour by the defendant on the occasion of the accident constitutes negligence as a matter of law. Similar charges dealing with prima facie speed limits under the Rules of the Road of the State of Alabama have heretofore been condemned as removing the flexibility of such statutes or ordinances, and further as depriving the jury of its right to determine whether under particular circumstances and conditions the operation of an automobile in excess of a prima facie lawful speed constitutes negligence as a matter of law.

The latest expression by this court is in the case of Frith v. Studdard, 267 Ala. 315, 101 So.2d 305, 308–309. Referring to the refusal of certain of the defendant's written charges which apparently attempted to invoke an instruction that violation of certain prima facie lawful speeds was negligence as a matter of law, the court said:

"However, some of those charges erroneously interpret the legal principle sought to be invoked. They seek to apply the speed limit prescribed by section 5(b), Title 36, Code * * * It is apparent that the statute does not make the maximum limits a hard and fast rule. Roberts v. McCall, 245 Ala. 359 (8), 17 So.2d 159."

In Ditsch v. Baggett Transportation Co., 258 Ala. 26, 61 So.2d 98, 99, this court held that the giving of Charge 57, which is as follows: "The Court charges you that if you believe the evidence in this case, Mr. Copeland was not exceeding the speed limit as a matter of law," was erroneous, and in this connection said:

"Counsel for Mrs. Ditsch contend that the giving of the charge [No. 57] constitutes error to reverse for the following reasons: (1) Because it amounts to the general charge as to whether Copeland, the driver of the truck, was complying with the speed regulations of the state; * * *.

"In giving charge No. 57 the trial court probably construed it as merely stating that the speed at which the truck was moving at the time and place of the collision was not violative of any arbitrary speed limit fixed by statute. But in our opinion the charge as framed was in conflict with the oral charge of the court, invasive of the province of the jury, and in effect the affirmative charge for the defendants on the question of the lawfulness of the speed of the defendants' truck at the time of the collision." 258 Ala. 29–30, 61 So.2d 100.

In Utility Trailer Works v. Phillips, 249 Ala. 61, 65, 29 So.2d 289, 292, where an ordinance limiting speed of motor vehicles in a business district was under consideration, this court said:

"We will not say that plaintiff was guilty of contributory negligence as a matter of law in such a way as to preclude his recovery, for the reason that he was riding as a passenger on a motorcycle built to accommodate two persons, at a speed of between twenty-five and thirty-five miles an hour, at the time and place the collision occurred. * * *"

In Roberts v. McCall, 245 Ala. 359, 17 So.2d 159, 160, in referring to charge No. 7, which is as follows: "The court charges that if you believe from the evidence the

plaintiff was driving at a greater speed than 15 miles per hour as he approached the intersection of the road testified about, then he was guilty of negligence," this court in condemning this charge wrote:

"* * * Refused charge No. 7 leaves out of consideration many of the elements of contributory negligence as a defense in that connection. The rate of fifteen miles an hour is not made a 'hard and fast' rule, but it is only prima facie the limit. Section 5, Title 36, Code of 1940 * * *." 245 Ala. 362, 17 So.2d 161.

In McCaleb v. Reed, 225 Ala. 564, 565, 144 So. 28, this court said:

"It will be observed that this statute does not make such speed an unlawful act under all circumstances at a place stated in the statute; but that if he drives at a speed not exceeding the rate named it is prima facie lawful. The statute also makes it prima facie unlawful to exceed that speed. But whether it is lawful or not, as stated in section 51(a) and (b), depends upon the conditions then existing, so that the speed shall not be dangerous or unsafe.

"The question is one ordinarily for the jury, and the speed limit is not a strict rule of law, but is flexible to yield to the circumstances of each case. When the circumstances are shown, the question is one of inference for the jury. The presumption of unlawfulness will then have served its function. But were it an unyielding and inflexible rule, the result would not be different, in respect to the right of defendant to the affirmative charge."

In Brown Hauling Co. v. Newsome, 241 Ala. 300, 302, 2 So.2d 782, 783, this court said:

"Defendant next insists plaintiff was guilty of negligence in driving at a speed (in excess of 20 miles per hour) made prima facie unlawful by city ordinance. As pointed out in Whittaker v. Walker, 223 Ala. 167, 135 So. 185, such an ordinance fixes only a prima facie case of negligence and is not to be construed as showing conclusively actionable negligence in the event the named speed is exceeded."

See also Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516; Decatur Transit v. Jennings, 253 Ala. 322, 45 So.2d 13; Seitz v. Heep, 243 Ala. 372, 10 So.2d 148; Mobile Cab & Baggage Co., Inc. v. Akridge, 240 Ala. 355, 199 So. 486.

In the case at bar the plaintiff contends that twenty miles per hour was the speed limit at the time and place of the accident and that the operation of a vehicle in excess thereof would conclusively amount to negligence on the part of the driver. The ordinance relied upon, however, refers to "prima facie" limits only and so it was error for the court to give Charge 20, which charged that the operation of the car in excess of twenty miles per hour was negligence as a matter of law.

Since the case must be tried again, we see no point in discussing other assignments of error which may not present questions on another trial of the case.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.